CALVIN BROACH, plaintiff in error, *vs.* ELISHA M. KING, defendant in error.

[1.] Courts have the power to grant new trials in cases of personal *torts*, on the ground of excessive damages, and which are generally disproportioned to the injury proved ; but a strong case must be made out.

[2.] No fixed rule, from the nature of the case, can be established upon this subject; but when from the unreasonableness of the verdict, the conviction is forced upon the mind that the rule of fair compensation has been departed from, a new trial will be granted.

Slander, in Jones Superior Court. Tried before Judge HARDEMAN, at April Term, 1857.

This was an action of slander by Elisha M. King, against Calvin Broach.

The declaration contained two counts. In the first, the words alleged to have been spoken by defendant were, that plaintiff "was a damned thief, and he (defendant) could prove it." In the second count, the words averred to have been spoken, were that plaintiff "was a damned rogue and a thief, and he (defendant) could prove it by James Freeman."

The defendant pleaded the general issue, not guilty.

Upon the trial, on the appeal, the plaintiff proved by William Stripling, that on the 10th day of October, 1854, at Clinton, he was sitting on the steps of Pope's tavern, when defendant was abusing plaintiff, and said that he was a God damned rogue and thief, and he could prove it by Freeman

that Madison Gray, James Cain, John Smith and others were present.

Plaintiff also proved, that defendant said, after the writ had been served on him, that he had said nothing against plaintiff, but what he could prove by Freeman; that he had stolen a pillow from Freeman, or something of that sort, and that he expected to prove it by Freeman.

Here plaintiff closed.

Defendant introduced Gray, Cain and Smith, the persons testified to by Stripling, as being present when the words were spoken, who all swore that they were present, but did not hear the language or words charged, spoken by defendant.

Two other witnesses who were also near or present, swore that they did not hear defendant use the words or language as charged and swore to by Stripling.

Defendant then introduced witnesses to prove the truth of the words charged to have been spoken, and closed.

Plaintiff in reply, examined a number of witnesses, as to Stripling's character, all of whom testified, that they would believe him on oath. Stripling was well sustained.

Several witnesses were also examined, who swore that they believed King to be an honest man.

The Judge charged the jury "that they should first inquire whether the words charged in the declaration, were spoken by the defendant or not. If you, from the evidence, should conclude that they were not spoken, you should find for the defendant; if you find that they were spoken, you should find for the plaintiff some amount of damages. What that amount shall be, is alone for your determination. It is competent for you to find any amount however small or large, within the range of the amount alleged in the declaration, as you may believe that the plaintiff may be entitled to from the evidence. The defendant relies on his proof in mitigation of damages. In coming to a conclusion as to the amount of damages, you should take into consideration the evidence

34

on the part of the defendant, in mitigation, and allow to him such abatement in the damages as you may think the evidence will authorize. You will consider the evidence on both sides, and render a verdict for the plaintiff for such amount as you may think he is entitled to, if the words were spoken by the defendant.

To which charge defendant excepted.

The jury found for the plaintiff, one thousand dollars and cost of suit.

Whereupon defendant moved for a new trial on the following grounds :

1st. Because the Court erred in its charge to the jury.

2d. Because the jury found contrary to law.

3d. Because the jury found contrary to evidence.

4th. Because the damages were excessive.

After argument, the Court overruled the motion, and refused the new trial, whereupon counsel for defendant excepted.

Poe & Grier, for plaintiff in error.

A. H. Kenan, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

Application for a new trial is made in this case, upon the ground alone, that the damages are excessive.

We are fully aware that motions for new trials in slander cases, on account of the size of the verdict, are greatly discountenanced. Indeed, Courts have gone almost the length of surrendering such actions to the despotic power of the jury, and the main reason is, that Courts have no standard by which they can measure the just amount, and ascertain the excess. It is a matter resting better perhaps in the sound discretion of the jury, under all the circumstances of the case, still we do not doubt the power of the Court and the duty of the Court to grant new trials in cases of this kind, on

the ground of excessive damages.   A strong case must nevertheless be made out.

After much hesitation, we have been forced to the conclusion, that this is such a case.   We have put the question again and again to ourselves, whether this verdict shall stand or not?   And the conviction is forced upon our minds, that the rule of fair compensation has been departed from, and that some oversight or wrong view of the evidence by the jury must have caused the result according to the declaration and the testimony of William Stripling, the witness who proved the words Broach said of King, that he was a "G—d d—d rogue and thief, and he could prove it by James Freeman."

We ask, did not Broach almost, if not altogether, make good his declaration?   Let us see: Mr. Freeman testified that King, while in his employ as an overseer "worked his hands for divers persons in the neighborhood; used them for his own benefit; boarded a negro girl of his own, off of witness' provisions, eleven months or near that time, and sold articles raised upon the farm, of which no account was rendered, and which, in the aggregate, amounted to one hundred and fifty dollars or more; That he found out the last year he lived with him, that he was dishonest in he management of his property.   The witness further states, that he received for shucks sold to John W. Brantly, three dollars, whereas Brantly swears, that he bought two loads of King, for which he paid him $3 50 a load.   James Roquemore proved, that he employed King, while he was overseeing Freeman's hands, to hoe and plow his crop with Freeman's hands. and the work amounted to $15 00, which witness discharged by paying a store account of King's, for sugar, coffee and flour; I remark, no explanation is made or account rendered by King, in the testimony of this transaction.   The same witness afterwards employed King to pick out his cotton with Freeman's hands, and for this service he settled with Freeman himself.

I have merely glanced at a few items of the evidence. In rebuttal of which King showed that he had accounted to Freeman for some of the money which he had earned with his hands, and that he bore the character of an honest man.

Had the defendant offered no proof to mitigate the damages, we might not have felt constrained to interfere, notwithstanding, the verdict might have reduced the defendant to bankruptcy and beggary. But when we recollect that the words were spoken in a passion, if spoken at all, and that the defendant made good his charge, by the very witness to whom he referred, to say nothing of the corroborating proof of Brantly and Roquemore, we cannot feel at ease to let the verdict stand. It is not in conformity with the evidence, but strongly and decidedly against it. If Freeman be not a credible witness, let him be impeached. It will be more satisfactory at any rate to re-examine him with more particularity, as well as to produce the book turned over to him by King, and see what it contains. He may have charged himself with both loads of shucks sold to Brantly, and at the prices paid. He may have debited himself with the $15 00 worth of work for Roquemore, and which went to settle his account for groceries. The ends of justice demand a re-hearing, and consequently the judgment below, refusing it, is reversed.

Judgment reversed.