## PARKER *v.* FOREHAND, by next friend.

99　743
f110　903

99　743
123　228

99　743
125　71

1. An action lies in this State for the breach of a promise of marriage, and the plaintiff therein may recover compensation for wounded feelings and for the pain and mortification occasioned by the defendant's conduct. For such damages no measure can be prescribed except the enlightened consciences of impartial jurors.

2. There was no error at the trial, and the verdict was not excessive in amount.

Argued November 16,—Decided November 23, 1896.

Action for breach of promise of marriage. Before Judge Fish. Dooly superior court. March term, 1896.

*J. H. Martin, J. H. Woodward* and *G. W. Wooten,* for plaintiff in error. *Busbee, Crum & Busbee,* contra.

LUMPKIN, Justice.

The point was raised on the argument of this case that, in the absence of an express statute, an action would not lie in Georgia to recover damages for the breach of a promise of marriage. We find in our own reports no adjudicated case either in recognition, or in denial, of the right to prosecute such a proceeding; and, so far as we are informed, this is the first time the question has formally presented itself to this court for determination. From an examination of outside authorities, however, it would seem to be now generally conceded in this country that such right exists without reference to legislative action. "Suit cannot be brought for the specific performance of a promise of marriage, but an action for damages lies for a breach of such promise. This action exists independently of statute by the common law, although at an early day in this country it was questioned whether such an action could be brought, and efforts have been made at various times to have it abolished." 2 Am. & Eng. Enc. of Law, page 525, citing cases. See also, article entitled "Breach of Promise," appearing in 18 Central Law Journal, page 441. While

our General Assembly has never undertaken to directly deal with the subject, yet, in the evidence act of 1866 (Acts of 1866, pp. 138, 139; Code, §3855), the existence in this State of such a cause of action was incidentally recognized; for it is expressly declared in the third section of that act that its provisions shall not be held to apply "to any action for breach of promise of marriage." The fact that this remedy has not in the past been commonly resorted to—while doubtless a highly gratifying silent commentary upon the purity of our social life—is not to be regarded as a decisive test in determining whether or not it really exists in this State, or as justifying the conclusion that it cannot be invoked in a case which, like the present, would seem to warrant even a more summary redress.

Certainly, under the facts disclosed by the record, a recovery of $500.00 is not to be considered excessive. True, it was not shown on the trial that the plaintiff had sustained any items of special or purely monetary damages; but she was nevertheless entitled to full compensation for the pain, mortification and wounded feelings suffered by her in consequence of the dishonorable and wholly inexcusable conduct of the defendant. His position before this court that, the action being merely for a breach of contract, the plaintiff could recover only special damages, and none of a more remote or consequential character, does not seem tenable, tested even by the ordinary rules governing the recovery in actions *ex contractu.* Our code (§3073) expressly declares that "Damages which are the legal and natural result of the act done, though contingent to some extent, are not too remote to be recovered. But damages traceable to the act, but not its legal or material consequence, are too remote and contingent." This rule is not confined to actions arising *ex delicto,* nor is it without qualification, as is shown by the succeeding section, which provides: "If, however, the tort is committed, *or the contract broken, or the duty omitted,* with a knowledge and for the purpose of

depriving the party injured of such benefits as are speci-
fied in the last paragraph, then the remote damages are
made, by such knowledge and intent, a proper subject for
consideration by the jury." Thus it will be seen that the
general rule stated in section 2944 of the code, that "Re-
mote or consequential damages are not allowed whenever
they cannot be traced solely to the breach of the contract,
or unless they are capable of exact computation," was in-
tended to apply to such contracts only as grow out of pure-
ly business transactions, where there is an implied under-
standing between the parties that a breach thereof will
call for no further compensation than just remunera-
tion for the actual monetary damages directly sustained
by reason of the breach. Such a rule is surely not to be
held applicable to a case where it appears that the con-
tract is of such a nature that it must, of necessity, be known
to the party deliberately and wrongfully violating his ob-
ligations that a breach of the same will inevitably result in
the very kind of damages to the other party of which the
declaration complains. In such a case, the inference is
warranted that the damages in question, though to some
extent remote and difficult of exact computation, must have
been within the contemplation of both parties when enter-
ing into the contract; and where these damages are sub-
stantial in the essential ingredient of actual injury, they
justly call for compensation. How can the defendant in
the present case, who offers no excuse for his ignoble of-
fense against decency and propriety, in good faith claim
that the consequences flowing directly from his wrongful
act were such as could not reasonably be expected and
clearly foreseen as a necessary result of a breach of the
sacred obligation he had voluntarily assumed?

We are absolutely certain that the ordinary rules which
generally control the recovery in cases involving a breach
of contract do not apply to a case like the one now under
consideration. "In actions for breach of promise of mar-

riage, damages have never been limited to the rules governing actions upon simple contracts for the payment of money, but rest with the sound discretion of the jury under the circumstances of each particular case, subject, of course, to the general restriction that a verdict influenced by prejudice, passion or corruption, will not be allowed to stand. To keep cases of this kind out of the courts, *exemplary* damages may properly be awarded. The plaintiff is entitled to recover not only an indemnity for her pecuniary loss, and the disappointment of her reasonable expectations of material and worldly advantage resulting from the intended marriage, but also compensation for wounded feelings, and the mortification and pain which she has been wrongfully made to undergo, and for the harm that has been done to her prospects in life." 2 Am. & Eng. Enc. of Law, pages 526, 527. "The damages are not to be measured by the wealth or poverty of the defendant, though his wealth and rank may be pertinent to the issue as showing the injury sustained by the loss of marriage." 18 Cent. Law Journal, p. 445. "As to the measure of damages, this action has always been classed with actions of torts; as libel, slander, seduction, criminal conversation, etc., . . and not without reason. . . The rule of damages applicable to ordinary contracts would be wholly inadequate. So much depends in each case upon the circumstances surrounding it, and upon the conduct, standing and character of the parties. In all cases where vindictive damages are allowed, it is upon the theory that the defendant's conduct has been such that he deserves to be punished; and with the view of measuring out punishment to him, as well as compensation to the plaintiff, it is always competent to inquire into his motives and intentions, to show that the act complained of was done wantonly, insolently, maliciously, or with a bad and wicked heart." Thorn *v.* Knapp, 42 N. Y. 477, 478. Where no special damages are shown, and the injury is confined to the peace, happiness and feel-

ings of the plaintiff, no measure of damages can be pre-scribed save the enlightened consciences of impartial jurors; and the amount of the recovery must, of necessity rest in the sound discretion of the jury, who should be instructed to look to and carefully weigh all the facts and circumstances of the particular case.

The charge of the court in the present case was entirely in accord with the law as above announced, and affords no just cause of complaint to the plaintiff in error. It certainly was as favorable to him as he had any right to expect; and, guided and controlled thereby, the jury arrived at a moderate and most righteous verdict.

The foregoing discussion sufficiently covers and disposes of all questions presented for our decision. The case appears to have been regularly and legally conducted in the trial court. Though then afforded an ample opportunity to be heard, the defendant offered in his defense not a single fact or circumstance of justification or mitigation. He now presents himself before this court, not as one asserting his innocence of the wrong charged against him, but in the attitude of one who, acknowledging the wanton injury done the plaintiff, relies solely upon the assertion of his mistaken belief that the law is powerless to call him to account. So far as is possible, the wrongs suffered by the plaintiff have been rightly redressed; and neither law nor common justice suggests any reason why the case should undergo another investigation. *Judgment affirmed.*