### 26910. MORRIS *v.* STANFORD.

DECIDED NOVEMBER 10, 1938.

*B. P. Jackson, Lankford & Rogers,* for plaintiff in error.
*Sharpe & Sharpe, Underwood & Underwood,* contra.

STEPHENS, P. J. This is the second appearance of this case in this court. *Morris* v. *Stanford,* 53 *Ga. App.* 722 (187 S. E. 159). The plaintiff sued out an attachment against the defendant, and filed her declaration charging him with breach of promise of marriage. The defendant denied the plaintiff's allegations. Trial of the case resulted in a verdict for damages in the plaintiff's favor. The defendant's motion for new trial was overruled. On exceptions to this court that judgment was reversed. On the second trial there was evidence tending to show that the plaintiff and the defendant became engaged to be married; that about six months after the defendant's promise to marry the plaintiff he began having sexual intercourse with her; that she yielded to his entreaties therefor, because of the great love she bore him, because she trusted him implicitly, and because of his promise to marry her, which she believed; that she became pregnant; that the defendant kept going with and paying court to her until about two weeks before the birth of her child, when the defendant ceased calling upon and paying court to her, remaining at home with the statement that he was sick; that during all this time the defendant kept promising to marry the plaintiff, but would put the date of the marriage off for various reasons; that the plaintiff was desirous of marrying the defendant, having prepared her trousseau, and that after the birth of the child the defendant refused to marry the plaintiff. The defendant denied that he promised to marry the plaintiff, denied having sexual intercourse with her, and denied that the child was his. The second trial resulted in a verdict in favor of the plaintiff for $3000. The defendant's motion for new trial was overruled, and he excepted.

■ There is no merit in the ground of the motion that the court erred in allowing the plaintiff to testify that "this is my child, and defendant is the father of this child," the child being in court with its mother and so near to the jury and plaintiff's attorney that he could point to the child and ask "Whose child is that?" to which the plaintiff replied "It is his," meaning the defendant's. This question followed the question by the plaintiff's counsel whether

the defendant had ever had sexual intercourse with her, to which she answered "Yes." On a trial for breach of promise of marriage the injured female may prove that she has been seduced and has given birth to a child by reason of the defendant's promise of marriage, and all of this may go to show to the jury the extent of her injury and damage resulting from such breach. In such case the plaintiff may recover for pain, mortification, and injury to her peace and happiness. Furthermore, the injury which a woman sustains by reason of a breach of promise to marry her is greater if by reason thereof she has been seduced by the man who promised to marry her, and such seduction results in the birth of a child to her. *Parker* v. *Forehand,* 99 *Ga.* 743 (28 S. E. 400) ; *Graves* v. *Rivers,* 123 *Ga.* 224 (51 S. E. 318) ; *Anderson* v. *Kirby,* 125 *Ga.* 62, 71 (54 S. E. 197, 114 Am. St. R. 185, 5 Ann. Cas. 103).

■ Nor does the fact that the court permitted the plaintiff to testify in her own behalf authorize the grant of a new trial in this case. It is true that this cause of action arose and the suit was filed before the act of 1935 (Ga. L. 1935, p. 120), making the parties competent as witnesses, and that before the passage of the law neither party to a suit for breach of promise was competent to testify in the case. Code, § 38-1606; *Graves* v. *Rivers,* supra. However, the application of this act to this case does not violate the constitutional provision prohibiting the passage of ex post facto and retroactive legislation (Code, § 2-302), but such law goes to the remedy only, and does not affect any vested rights of the parties. See *Pritchard* v. *Savannah Street &c. R. Co.,* 87 *Ga.* 294 (13 S. E. 493, 14 L. R. A. 721) ; *Mills* v. *Geer,* 111 *Ga.* 275, 280 (36 S. E. 673, 52 L. R. A. 934). It does not increase or impose any additional liability or burden upon the defendant.

■ The only measure of damages in an action for personal tort such as the case sub judice is the enlightened conscience of impartial jurors, and under the facts of this case it is not shown that the verdict in the plaintiff's favor for $3000 was so excessive as to suggest undue influence, bias, gross mistake, or prejudice on the part of the jury. Code, §§ 105-2003, 105-2015; *Bishop* v. *Macon,* 7 *Ga.* 200 (50 Am. D. 400) ; *Broach* v. *King,* 23 *Ga.* 500.

■ The evidence authorized the verdict in favor of the plaintiff. It follows that the court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*