## 39115.   BROWN v. DOUGLAS.

CARLISLE, Presiding Judge.   1.   The petition in this case alleges the ability of the parties to contract a marriage, a promise and agreement between the plaintiff and defendant to be married, the breach of the contract or promise by the defendant by his ultimate abandonment of the contract and refusal to carry it out, and general damages accruing to the plaintiff therefrom.   It thus stated a cause of action and the judge of the superior court erred in dismissing it on general demurrer. *Parker v. Forehand*, 99 Ga. 743 (28 SE 400); *Graves v. Rivers*, 123 Ga. 224, 227 (51 SE 318).   Admittedly, the petition contains much that is surplusage and unnecessary to the cause of action, but this has never been known to be cause for dismissing an otherwise good cause of action on general demurrer.   It was not necessary that the petition allege the exact terms of the contract as to time or place of performance expected or agreed upon.   *Spence v. Carter*, 33 Ga. App. 279, 290 (2) (125 SE 883).

2.   While an action for breach of promise to marry is essentially one ex contractu, the measure of damages is classed with actions ex delicto, and where no special damages are alleged or shown "and the injury is confined to the peace, happiness and feelings of the plaintiff, no measure of damages can be prescribed save the enlightened consciences of impartial jurors."   *Parker v. Forehand*, 99 Ga. 743, 746, supra; *Morris v. Stanford*, 58 Ga. App. 726, 728 (3) (199 SE 773).   The petition is not duplicitous.

3.   "It has been held many times that a demurrer, 'being a critic, must itself be free from imperfection.'   This is particularly true of a special demurrer, which must point out clearly and specifically the alleged imperfection in the pleading attacked by it.   It 'must lay its finger, as it were, upon the very point.' *Alford v. Davis*, 21 Ga. App. 820 (4a) (95 SE 313)."   *Martin v. Gurley*, 74 Ga. App. 642, 643 (40 SE2d 787).   Accordingly, a demurrer which merely recites that a paragraph of the petition is vague, indefinite and uncertain is itself so vague, indefinite and uncertain as to present no question for decision by the court (*Rhyne v. Price*, 82 Ga. App. 691, 697 (2) 62 SE2d 420), and a demurrer on the ground that allegations are irrelevant and conclusions of the pleader and not state-

ments of facts, which demurrer does not set forth how or wherein such allegations are thus deficient, is too incomplete to invoke a ruling of the court and is itself subject to the criticisms it seeks to level at the petition. *Central of Ga. Ry. Co. v. Sharpe*, 83 Ga. App. 12, 22 (3) (62 SE2d 427). In this case all of the special demurrers were subject in some degree to the criticism of incompleteness and imperfection indicated above, and were improperly sustained.

4. Certain allegations of the petition were demurred to on the ground that they plainly showed that the petition was filed as an attempted blackmail under the guise of legal procedure. The allegations of the petition clearly do not show any such fact and to the extent that the demurrers seek to raise this issue they are speaking demurrers. If such matters are proper to be raised in this case, they address themselves to an affirmative defense by the defendant and not to attacks on the allegations of the petition.

5. Under the foregoing rules, none of the special demurrers was meritorious and the trial court erred in sustaining all of the special demurrers.

*Judgment reversed. Eberhardt and Custer, JJ., concur.*

DECIDED NOVEMBER 7, 1961.

*Pritchard & Thomas, M. C. Pritchard*, for plaintiff in error.
*Folks Huxford, Garrett & McDonald, Frank B. McDonald, Jr.*, contra.