## 42745. BROGDON v. McMILLAN.

DEEN, Judge. 1. Where under a will one is granted a life estate in land with a remainder over the tenant for life is entitled to its full use and enjoyment but must in such use exercise ordinary care for its preservation and must commit no act tending to the permanent injury of the remaindermen. *Code* § 85-604. Thus, a life tenant may not sell all the timber on the land. *Willie v. Hines-Yelton Lumber Co.*, 163 Ga. 64 (2) (135 SE 505). As to partial cutting of timber, the fact situation must control. Old stringent rules against waste in England as applied to timber cutting by a life tenant were not adopted in Georgia because of the changed situation, the one country having too few and the other too many trees at the time; the rule in this State is that "in determining what amounts to waste, regard must be had to the condition of the premises, and the inquiry should be, did good husbandry, considered with reference to the custom of the country, require the felling of the trees, and were the acts such as a judicious, prudent owner of the inheritance would have committed?" *Woodward v. Gates*, 38 Ga. 205, 214. The question to be decided in each case is whether the value of the freehold will be injured. *Smith v. Smith*, 105 Ga. 106 (2) (31 SE 135); *Lee & Bradshaw v. Rogers*, 151 Ga. 838 (2) (108 SE 371). "The clearing of land was waste in England, but such is not waste in Georgia, provided the land cleared still leaves the proportion of cleared land to uncleared land such as an ordinarily prudent person would maintain upon his own property." *Roby v. Newton*, 121 Ga. 679, 684 (49 SE 694, 68 LRA 601).

2. The history of the Declaratory Judgments Act in Georgia indicates how narrow a path lies between the Scylla of a mere advisory opinion and the Charybdis of accrued rights where the court feels the rights, whatever they are, are already in existence and no adjudication is necessary to protect the plaintiff from risk of future action. *Salomon v. Central of Ga. R. Co.*, 220 Ga. 671 (1) (141 SE2d 424). "The object of the declaratory judgment is to permit determination of a controversy be-

fore obligations are repudiated or rights are violated." *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29) ; *Pinkard v. Mendel*, 216 Ga. 487 (2) (117 SE2d 336). This plaintiff holds a tenancy for life in two tracts of land of 175 acres each, the larger portion of each being covered with pine forest and fit for little else than the growth and sale of marketable pine timber. She alleges that the tracts contain many "old mature, over-mature, diseased, rough and deformed trees" which should be cut and removed in the interest of good husbandry, since the rate of deterioration of such trees exceeds their yearly growth and substantially reduces the new crop so that failure to remove them will cause a diminution in value of the timber land. Of the two remaindermen, one takes no position as to whether the timber should be cut or not, but the other contends that its removal by the plaintiff would be an act of waste. It cannot presently be determined which tract of land will go to which remainderman, since under the will they are to draw lots after the death of the life tenant. These circumstances fit squarely within the framework of the declaratory judgment. The plaintiff alleges that the trees should be cut now, but that if she does so she may be laying herself open to an action for waste which might result in damages or even in her removal as executrix of the will; her own position is that if the trees are not cut this would constitute a waste of the timberland resources. A decision by her represents action in the future with attendant risk, but is under her allegations one which must be made presently. The element of contingency relating to the vesting of the remainder interest in the two tracts is not determinative of the issue since the plaintiff intends to cut timber from both. Provision is made by *Code Ann.* § 110-1103 for the determination of factual issues, and the extent of timber cutting which accords with good husbandry in a given locality under ascertained circumstances is a question of fact. The petition seeking a declaratory judgment was not subject to general demurrer.

3. A special demurrer on the ground that the allegations of stated paragraphs of the petition are conclusions of the pleader, without setting out how or wherein such allegations are thus deficient, is too incomplete to invoke a ruling of the court. *Brown v. Douglas*, 104 Ga. App. 769 (3) (122 SE2d 747).

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*

ARGUED MAY 4, 1967—DECIDED JUNE 20, 1967.

36

*W. D. Knight,* for appellant.

*Fred F. Allen, Tyron Elliott, Reinhardt, Ireland, Whitley &
Sims, Bob Reinhardt,* for appellee.