## 31720. FOLTZ v. FOLTZ.

HALL, Justice.

This is an appeal from an order of the Superior Court of DeKalb County holding appellant in contempt of a final judgment and decree of divorce.

Appellant and appellee were divorced in 1972. The divorce decree incorporated an agreement between the parties which, in part, provided that the appellee-wife was to have custody of appellant-husband's son by a previous marriage and that appellant was to pay appellee child support of $200 per month until both appellant's son and appellee's child by a previous marriage reached majority. There were no children born of appellant's and appellee's marriage to each other. Both parties signed this agreement.

In December 1974 appellee filed a contempt action against appellant, alleging arrearages of $600 in child support payments and $225 in attorney fees. In February 1976 a rule nisi hearing was held on the merits of the December 1974 contempt action. Appellant was held in wilful contempt and found to be in arrears for $3,200 in child support and $225 in attorney fees. Appellant's motion to vacate the contempt order was denied. He appeals.

1. Appellant contends that the trial court erred in holding him in contempt of the divorce judgment because that court did not have the power to award custody of his child by a previous marriage to the appellee, who was neither the natural mother nor the adoptive mother, without the natural mother's consent. Furthermore, that the trial court was without power to require the appellant to support a child of which he was neither the natural nor the adoptive father.

Contrary to appellant's contentions, the superior courts of this state have subject matter jurisdiction over issues of child custody. Code Ann. §§ 30-127, 30-206. See also *Hopkins v. Hopkins,* 237 Ga. 845 (229 SE2d 751) (1976). The question regarding the trial court's custody award is therefore one of enforceability, rather than one of jurisdiction.

A parent has the power to release his right of child

custody to a third person by voluntary contract. Code Ann. § 74-108 (1). He cannot, however, contract away the custody of his child to a third party without the other parent's consent. *Coleman v. Way,* 217 Ga. 366 (122 SE2d 104) (1961). The provision of the divorce decree releasing custody of the appellant's child to the appellee would therefore appear to be unenforceable, since there is no evidence that the natural mother's consent was obtained. The appellant does not, however, seek the return of his child, nor was he found in contempt for violation of the custody provision of the divorce decree. Therefore we do not decide the merits of this aspect of the appellant's contention.

Appellant also challenges that portion of the divorce decree requiring him to support appellee's child. While appellant has no statutory duty to support appellee's child, he agreed to do so. This agreement between the parties was approved by the trial court, incorporated into the divorce decree, and its obedience ordered. While the trial court was not bound by this contract, it had the power to incorporate it into the divorce judgment, even though it would not in the absence of the agreement have had the power to make such a demand on the appellant. See *McClain v. McClain,* 235 Ga. 659 (1) (221 SE2d 561) (1975). The contract was entered into freely and consented to by both parties. In effect, the appellee agreed to take care of appellant's son until his majority in exchange for appellant's agreement to support appellee's child until majority.

Assuming, without deciding, that appellant could regain custody of his child at anytime, thereby terminating any obligation he would have under the divorce decree to support appellee's child, he is nevertheless obligated to pay any support payments already due and owing under the contract and any additional payments that accrue while appellee retains custody of appellant's child.

2. Appellant contends that the service of the contempt citation upon him was defective and that he did not waive this defective service. We find this contention to be without merit.

While appellant argues that he never received the

copy of the contempt citation and rule nisi mailed to him by appellee's attorney, he appeared at the courthouse and testified in his behalf at the hearing on the merits of the contempt citation. We find that the appellant waived any defect in service by personally appearing and testifying. Code Ann. § 81-209.

3. We find appellant's enumeration of error regarding the amount of arrearage to be without merit.

4. Appellant contends that the trial court erred in failing to state separately its findings of fact and conclusions of law. We also find this contention to be without merit. See *Rowland v. Kellos,* 236 Ga. 799 (5) (225 SE2d 302) (1976).

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

ARGUED NOVEMBER 23, 1976 — DECIDED JANUARY 6, 1977.

*Gilbert & Blum, Fred A. Gilbert, David D. Blum,* for appellant.

*Mackay & Elliott, James A. Mackay, David L. G. King, Jr.,* for appellee.

