S91A0649. BRANNON v. BRANNON.
(407 SE2d 748)

FLETCHER, Justice.

We granted appellant's application for appeal to consider whether the trial court erred in refusing to hold appellee in contempt for failure to pay child support and in finding void and unenforceable

the portion of the parties' divorce decree which requires such payment. We find that the trial court did err in these regards and reverse.

In December of 1985, appellee filed his complaint seeking a divorce from appellant. He requested that a settlement agreement entered into by the parties be made a part of the final decree. In the agreement, appellee agreed to pay appellant $100 per week as child support for the parties' grandchild who had been placed in the custody of the parties by an October 1981 juvenile court order. The parties were granted a divorce on January 13, 1986 and the trial court made their agreement part of the final decree of divorce.

Appellee paid the agreed upon child support for 18 months but has refused to pay since June of 1987. Appellant brought an action against appellee seeking to have him found in contempt for failure to pay the child support. Appellee appears to have argued that the portion of the divorce decree concerning child support was void because the court did not have the power to order him to pay child support for his grandchild. The trial court ruled in appellee's favor, refusing to find him in contempt and ruling that the portion of the divorce decree which dealt with child support was void.

Having invoked the jurisdiction of the court for the purpose of obtaining a divorce and having secured the court's adoption of the agreement which provides him with visitation rights with his grandchild as well as the right to claim the grandchild as an exemption for income tax purposes, appellee is now estopped from denying the validity of any portion of his divorce decree. Accord *Smith v. Smith*, 243 Ga. 525 (255 SE2d 46) (1979). Further, appellee chose to assume the obligation of providing support for his grandchild when he consented to the settlement agreement. In the circumstances presented here, appellee could not have been required to provide such support for his grandchild, however, his agreement to do so can now be enforced. Accord *Foltz v. Foltz*, 238 Ga. 193, 194 (232 SE2d 66) (1977).

*Judgment reversed and remanded. All the Justices concur.*

DECIDED SEPTEMBER 5, 1991 —
RECONSIDERATION DENIED SEPTEMBER 25, 1991.

*John R. Thigpen, Sr.,* for appellant.
*Hudson & Solomon, James D. Hudson,* for appellee.