## A98A2423. MOONEY v. MOONEY.
### (508 SE2d 766)

ELDRIDGE, Judge.

Plaintiff-appellant Patsy Ann Mooney contends that the trial court erred in dismissing her complaint for failure to state a claim upon which relief can be granted, pursuant to OCGA § 9-11-12 (b) (6). We agree with the plaintiff and reverse the order of the trial court.

"A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997)." (Punctuation omitted.) *Cellular One v. Emanuel County*, 227 Ga. App. 197-198 (489 SE2d 50) (1997).

In this case, the plaintiff filed a "Petition for Domestication of a Foreign Judgment and for Child Support" with the Gwinnett County Superior Court in January 1998; this petition was amended on May 8, 1998, to seek child support for the parties' grandchild, based upon the defendant's promise to pay support. Following such amendment, the plaintiff's complaint set forth the following facts: The plaintiff and the defendant were married in January 1966. In 1971, the defendant formally adopted the plaintiff's son, Steve Mooney. Steve Mooney is the natural father of the parties' grandchild, A. M. M.; at the time of this opinion, A. M. M. is approximately 14 years old. Between 1985 and 1988, A. M. M. resided with the parties herein "on

a transitional basis." Between 1988 and 1990, the child resided exclusively with the parties.

In August 1990, the Rutherford County General Court of Justice, District Court Division, in the state of North Carolina, awarded joint custody of A. M. M. to the plaintiff and the defendant, with the consent of both of A. M. M.'s natural parents. In such order, both natural parents retained their parental rights and were granted reasonable visitation privileges.

The child continued to reside with the plaintiff and the defendant until they divorced in March 1992; the final divorce decree contained no provision for financial support of A. M. M. The plaintiff filed the instant action in January 1998, seeking to domesticate the North Carolina court's custody order and requesting the trial court to order the defendant to pay child support. The defendant answered the complaint and filed a motion to dismiss under OCGA § 9-11-12 (b) (6).

Following a rule nisi hearing on the motion in May 1998, the plaintiff amended her complaint to allege that the defendant had repeatedly promised to financially support A. M. M. The plaintiff asserted that the defendant made such promise in 1990, when the couple petitioned the North Carolina courts for temporary custody of the child. She alleges that such promise was a "condition precedent" to her agreement to accept custody of the child and, further, that she relied on that promise to her detriment, which implies that she would not have accepted custody without such promise of support. According to the plaintiff, the defendant reaffirmed his promise of financial support following the couple's separation and, again, following their divorce in 1992.

On May 13, 1998, the trial court dismissed the plaintiff's action for child support, pursuant to OCGA § 9-11-12 (b) (6).[1] In such order, the trial court found that the defendant could not be required to pay child support for his grandchild absent his express legal agreement to do so. See *Brannon v. Brannon*, 261 Ga. 565 (407 SE2d 748) (1991);[2] see also *Foltz v. Foltz*, 238 Ga. 193, 194 (232 SE2d 66) (1977). Further, in the same order, the trial court determined that the plaintiff's pleadings did not establish a cause of action under the doctrine of promissory estoppel. See OCGA § 13-3-44 (a); *Wright v. Newman*, 266 Ga. 519, 520 (467 SE2d 533) (1996). The plaintiff specifically

---

[1] In a separate order entered the next day, the trial court granted the petition to domesticate the North Carolina custody order; the defendant did not object to such action. Accordingly, it appears that the defendant secured joint custody of A. M. M., while concurrently avoiding the responsibility to provide financial support for the child.

[2] In *Brannon v. Brannon*, supra, a defendant expressly agreed, in a settlement contract incorporated into his divorce decree, to pay his ex-wife child support for the care of their grandchild.

takes issue with this latter finding.

1. Under OCGA § 13-3-44 (a), "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires." The Supreme Court of Georgia has held that "[a]ny benefit accruing to him who makes the promise, or any loss, trouble, or disadvantage undergone by, or charge imposed upon, him to whom [a promise] is made, is sufficient consideration" to support enforcement of a promise under the doctrine of promissory estoppel. (Citations, punctuation and footnote omitted.) *Pepsi Cola Bottling Co. &c. v. First Nat. Bank &c.*, 248 Ga. 114, 116 (2) (281 SE2d 579) (1981). See also *Fidelity &c. Co. of Maryland v. West Point Constr. Co.*, 178 Ga. App. 578, 579 (1) (344 SE2d 268) (1986); *Wright v. Newman*, supra at 521 (Sears, J., concurring). Further, "[p]romissory estoppel requires only that the reliance by the injured party be *reasonable*. . . . [It] does not require that the injured party exhaust all other possible means of obtaining the benefit of the promise from any and all sources before being able to enforce the promise against the promisor." (Footnote omitted; emphasis in original.) Id. at 522 (Sears, J., concurring).

Without specifically addressing the plaintiff's allegations regarding the defendant's promises to financially support A. M. M., the trial court in this case found that the pleadings failed to demonstrate that any alleged promise by the defendant caused the plaintiff "to forego a valuable legal right to her detriment." See *Pepsi Cola Bottling Co. &c. v. First Nat. Bank &c.*, supra at 116-117 (2). In so finding, the trial court noted that A. M. M.'s parents are known to the plaintiff and are still legally obligated to support the child, apparently implying that the plaintiff may be able to seek support from them.

However, the trial court is precluded from drawing such negative inferences from the pleadings when considering the defendant's motion to dismiss for failure to state a claim. In drawing such inference, the trial court's order attempted to distinguish this case from *Wright v. Newman*, supra. In *Wright v. Newman*, Wright challenged a trial court's order requiring him to pay child support to Newman, the child's mother, after DNA testing established that he was not the child's natural father. In affirming the trial court's order, the Supreme Court of Georgia recognized that, even absent a statutory requirement to pay child support, "a legally enforceable obligation to provide child support can be 'based upon parentage or contract.' [Cit.]" Id. at 519. See also *Foltz v. Foltz*, supra; *McClain v. McClain*, 235 Ga. 659, 661 (1) (221 SE2d 561) (1975). The Court found that the defendant knew he was not the natural father of the child, yet still

held himself out as the child's father for ten years; had himself named as the father on the child's birth certificate; gave the child his surname; and promised to "assume all of the obligations and responsibilities of fatherhood, including that of providing support." *Wright v. Newman*, supra at 520. The Court also found that the child's mother relied on his promises of continuing support and "refrained from identifying and seeking support from the child's natural father" for ten years. Id. Therefore, "[i]f, after ten years of honoring his voluntary commitment, Wright [was] now allowed to evade the consequences of his promise, an injustice to Newman and her son would result." Id. at 521. Accordingly, the Court held that, under the doctrine of promissory estoppel, once Newman established her detrimental reliance on Wright's promises, Wright could be compelled to fulfill his obligation to pay child support, as long as he made such promise with the knowledge that he was not the child's natural parent. Id. at 520-521; cf. *Smith v. Dept. of Human Resources*, 226 Ga. App. 491, 494 (2) (487 SE2d 94) (1997).

In this case, the plaintiff's complaint alleges that she detrimentally relied upon the defendant's repeated promises to financially support the child. The only question before this Court is whether the allegations in the plaintiff's petition, viewed in a light most favorable to the plaintiff, set out a cause of action which would entitle the plaintiff to relief if she is able to prove such allegations at trial. We find that the petition meets this standard in that it sets out the essential elements of a cause of action under the doctrine of promissory estoppel.

2. Further, the petition sets out a cause of action to enforce an express oral contract between the parties. "A contract is an agreement between two or more parties for the doing or not doing of some specified thing." OCGA § 13-1-1. See also OCGA §§ 13-1-5; 13-1-6. Viewed in the plaintiff's favor, the pleadings assert that the defendant promised to financially support the child prior to acquiring joint custody in 1990 and that such promise was a "condition precedent" to the plaintiff's acceptance of joint custody. Further, consideration for the defendant's alleged subsequent promises can be found in the plaintiff's continued care of the child.

Therefore, the trial court's order dismissing this action under OCGA § 9-11-12 (b) (6) was error and must be reversed.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 4, 1998.

*C. Suzette Ellis-Hoyle*, for appellant.
*Charles A. Mullinax*, for appellee.