S04A0577. FOLDS v. BARBER.

(597 SE2d 409)

THOMPSON, Justice.

Carolyn Folds and Donald Barber were real estate agents. They became romantically involved and decided to purchase a house together. When they found the house they were looking for, Folds entered into a lease/purchase agreement with the owner and made a down payment of $10,000. Thereafter, Barber agreed to buy the house from the owner. He put down $18,864, and took title solely in his name. Folds and Barber agreed to contribute money to a joint checking account to pay the mortgage and household expenses.

Folds had more real estate experience than Barber and she referred a number of prospective sellers and buyers to him. As a result, Barber earned more than $77,000 in commissions. Ordinarily, when one real estate agent makes a referral to another, the agents

enter into a written referral fee agreement specifying the amount of the referral fee. Such fees are negotiated and typically range between 15 and 25 percent of the commission. Folds entered into such agreements with other agents, sometimes for as much as 50 percent of the commission when the referral was a "sure thing." However, because she had a romantic relationship with Barber, and believed that he was going to marry her, Folds and Barber did not negotiate or agree upon a referral fee.

Ultimately, Folds and Barber ended their relationship and Folds sued Barber for breach of promise to marry, fraud and specific performance. Barber answered and counterclaimed, seeking equitable partition of the house and property. The case was tried by the court without a jury. At the conclusion of the trial, the court denied Folds' claims, but granted Barber's request to partition the property. In that regard, the court decreed that the property would be appraised and sold; that Folds would receive $10,000, and Barber would receive $18,000, from the proceeds of the sale; and that Folds and Barber would divide evenly the excess proceeds.

1. Folds appeals, asserting the trial court erred in partitioning the property because it failed to account for the referral fees Folds was entitled to receive from Barber. We cannot accept this assertion because Folds did not establish that she entered into a definite referral fee agreement with Barber. As Justice Lumpkin observed in *Georgia Cane Products Co. v. Corn Products Refining Co.*, 141 Ga. 40, 43 (80 SE 318) (1913):

> There is an old adage that "it takes two to make a bargain." [Folds] alone could not make one. Apparently with it "the wish is father to the thought," but a court can not give damages based on mere anticipations and expectations. One's business or personal associations may prove disappointing and unprofitable, but such unfulfilled hopes, in the absence of definite contract, do not give the right to cure the disappointment with the salve of damages.

Folds argues that if she did not enter into a definite agreement with Barber, she conferred a benefit upon him and ought to be compensated; otherwise, Barber would be unjustly enriched. See *Smith v. McClung*, 215 Ga. App. 786, 789 (3) (452 SE2d 229) (1994). However, in order to recover on this basis, it was incumbent upon Folds to prove the reasonable value of the services she rendered. OCGA § 9-2-7; *Dev. Corp. of Ga. v. Berndt*, 131 Ga. App. 277 (205 SE2d 868) (1974). Folds presented "no evidence by which the [factfinder] with any degree of certainty could determine the reasonable value of

[Folds'] services as a whole. . . . The question of damages cannot be left to speculation, conjecture and guesswork. [Cits.]" *Dev. Corp. of Ga. v. Berndt*, supra at 278.

2. It cannot be said the trial court erred in refusing to permit Folds to opine "as to what she would have negotiated for attorney fees." The question posed to Folds called for nothing more than speculation and conjecture on the issue of damages. See *Dev. Corp. of Ga. v. Berndt*, supra. Besides, Folds did not make a proffer. It is axiomatic that an appellate court cannot determine the propriety of a trial court's ruling without a proffer of the excluded testimony.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 7, 2004.

*Curtis R. Richardson*, for appellant.
*Randall L. Keen*, for appellee.