S08F0536. GARCIA v. GARCIA.

(663 SE2d 709)

BENHAM, Justice.

We granted the application for discretionary review filed by appellant Christopher Garcia who sought review of the final judgment and decree of divorce which ordered him to make weekly payments for the support of appellee Lisa Garcia's daughter, who is not the biological child of appellant and was eight years old when appellant and appellee Lisa Garcia were married in 2002.[1]

A man who is the biological father of a child has a statutory obligation to provide support for the child. OCGA § 19-7-2. A person who adopts a child has a similar duty of support. OCGA § 19-8-19 (a) (2). A person who executes a written agreement promising to provide support for a child is bound by the terms of the agreement. See *Brannon v. Brannon*, 261 Ga. 565 (407 SE2d 748) (1991) (husband assumed obligation of support of grandchild in settlement agreement incorporated into divorce decree); *Foltz v. Foltz*, 238 Ga. 193 (1) (232 SE2d 66) (1977) (settlement agreement in which husband agreed to pay child support for wife's child from a previous marriage). In *Wright v. Newman*, 266 Ga. 519, 520-521 (467 SE2d 533) (1996), this Court applied the doctrine of promissory estoppel as set out in OCGA § 13-3-44 (a)[2] to require the payment of child support by a man who was not the biological or adoptive father of a child where the

---

[1] The application for appeal was granted pursuant to this Court's Family Law Pilot Project in which we grant all non-frivolous applications from the entry of a judgment and decree of divorce. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] OCGA § 13-3-44 (a) states:

evidence showed the man had promised the child and the child's mother that he would assume all obligations and responsibilities of fatherhood, including providing support; had held himself out as the father of the child and allowed the child to consider him as the biological father; and the evidence showed that the mother and child relied upon the promise to their detriment.

It is undisputed that appellant is not the biological or adoptive father of the child; that appellant, appellee, and the child know the identity of the child's biological father; that the biological father lives in Carroll County, Georgia; and that appellant did not execute a written contract to support the child. It is also undisputed that appellant, four months after he married the child's mother and knowing he was not the child's biological or adoptive father, signed an application to amend the child's birth certificate so as to list appellant as her father and gave the child his last name. At the evidentiary hearing, the trial court found credible appellee's testimony that appellant had applied for the amended birth certificate because he wanted to be the child's father and have the three of them be a family, and that appellant had promised "he would be there for her and take care of her and be her father."[3] In the final judgment and decree of divorce, the trial court found appellant had acted as a parent, formed a parent/child relationship, and willingly applied to amend the child's birth certificate with knowledge he had no biological connection to the child. Based on its findings, the trial court applied the doctrine of promissory estoppel and ruled appellant was estopped from denying an obligation to support the child.

As was the case in *Wright*, the testimony of the child's mother and appellant's act of seeking the amended birth certificate with knowledge he was not the child's biological or adoptive parent support the trial court's conclusion that appellant promised to assume the obligations and responsibilities of fatherhood, including that of providing support. However, the case before us differs significantly from *Wright* in that there is no finding by the trial court or evidence in the record of the second prong of promissory estoppel: that appellee and her child relied upon appellant's promise to their detriment. In *Wright*, the trial court found the child's mother, in reliance on Wright's promise of support, had foregone a source of

---

A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

[3] The trial court found less credible appellant's assertion that he had applied for the amended birth certificate at the request of the child and appellee in order to effect a name change for the child so that she would have the same last name as her mother.

financial and emotional support for the child by refraining from identifying and seeking support from the child's biological father. See also *Mooney v. Mooney*, 235 Ga. App. 117, 118 (508 SE2d 766) (1998) (wife relied on husband's promise to financially support grandchild when wife accepted custody of grandchild). In the case at bar, appellee identified the child's biological father, acknowledged the child was aware of the identity of her biological father, and stated as the reason she had never sought support from the biological father that "he didn't want anything to do with [the child]. . . ." Inasmuch as there is no evidence that appellant's promise caused appellee to forego a valuable legal right to her detriment, the requirements of the doctrine of promissory estoppel were not fulfilled, making it error to apply the doctrine in this case.

*Judgment reversed. All the Justices concur.*

SEARS, Chief Justice, concurring.

In this case, the record shows that the appellant, Christopher Garcia, promised emotional and financial support to a child, Courtney Garcia, even though he knew at the time he made those promises that he was not her natural parent. Although basic moral considerations should impel Christopher to fulfill these promises to a young child, I believe that the majority properly concludes that he is not legally obligated to do so. The reason is that the record shows that Christopher's promises to the child and her mother did not induce the mother or the child to forego the opportunity to develop an emotional relationship with the child's biological father or to seek support from him. Accordingly, although the result is unpalatable, I am compelled to join the majority opinion.

DECIDED JULY 7, 2008.

*James M. Allison, Jr.*, for appellant.
*Daniel M. Barnes*, for appellee.