## 27950. SIKES v. SIKES et al.

ARGUED JUNE 11, 1973 — DECIDED SEPTEMBER 5, 1973 — REHEARING DENIED SEPTEMBER 20, 1973.

*Nall, Miller & Cadenhead, James W. Dorsey, Swertfeger, Scott, Pike & Simmons, M. Hardeman Blackshear, Paul J. Jones, Jr.,* for appellant.

*Smith & Harrington, Will Ed Smith, W. W. Larsen, Jr.,* for appellees.

JORDAN, Justice. The plaintiff, Mrs. Fleta Ridley Sikes, appeals the grant of an adverse summary judgment, as well as the denial of a partial summary judgment in her favor.

She commenced her action in Laurens Superior Court in 1972

alleging that she married Matthew Harvey Sikes in 1911, that he abandoned her in 1928, that he has a net worth of $1,000,000 and an annual income between $50,000 and $200,000, directly or indirectly in the name of his purported second wife, Mrs. Helen Dominy Sikes, also named as defendant, from property placed in her name. She prayed for temporary and permanent alimony, division of property, discovery, injunctive relief, a receiver, attorney fees and expenses of litigation, and also filed a lis pendens.

The defendants in answer allege that they are lawfully married (date elsewhere shown as 1942), that Matthew Harvey Sikes was divorced from Mrs. Fleta Ridley Sikes by decree, 10th Judicial Circuit, Alabama, September 21, 1928, that the plaintiff has been aware of this divorce since December 5, 1928, when she and Matthew Harvey Sikes settled and extinguished her present claim by a support agreement which he has performed, and under which she has accepted benefits.

The undisputed facts as disclosed by the pleadings and evidence show that the plaintiff and the defendant, Matthew Harvey Sikes, signed three support agreements, March 7, 1928; July 7, 1928; December 5, 1928, the December agreement purporting to supersede previous agreements and stating that it "is made after the divorce of M. H. Sikes has been granted." Other undisputed evidence shows that the plaintiff instituted a divorce action in Fulton Superior Court on November 22, 1928, which she dismissed on December 11, 1928, and that she instituted another divorce action in the same court on December 18, 1928, obtained the first verdict on June 6, 1929, and that the action was dismissed for want of prosecution on October 5, 1934. She also instituted an action on May 5, 1932, on the agreement of December 5, 1928, ostensibly then accepting the agreement as valid and asserting facts necessarily implying partial performance. That action terminated with a "non est" entry on July 15, 1932.

The record supporting the Alabama divorce decree of September 21, 1928, shows that Matthew Harvey Sikes had allegedly resided in Alabama for three years, that the defendant in that action, Mrs. Fleta Ridley Sikes, resided at an unknown location in Georgia, and that she had abandoned the plaintiff more than two years previously. The defendant was served by publication.

There are conflicts in the evidence as to when Matthew Harvey Sikes told Mrs. Fleta Ridley Sikes that he had obtained a divorce, whether he misled her by telling her he had a Mexican divorce, whether he obtained her signature on the agreement of December

5, 1928, under duress, by displaying a pistol, whether he resided and was domiciled in Alabama or Georgia when he obtained the divorce in Alabama in 1928, whether there was cohabitation while the divorce action in Alabama was pending and thereafter, and whether Matthew Harvey Sikes knew where Mrs. Fleta Ridley Sikes was residing at this time.

It is undisputed, however, that Mrs. Fleta Ridley Sikes accepted benefits under the agreement of December 5, 1928, including the use of a house in Atlanta in which she still resides, that any cohabitation ceased to exist many, many years ago, that Mrs. Fleta Ridley Sikes has long known of the second marriage and of the two living children born of this union, that she has for many years acted in a manner indicative of belief that she and Matthew Harvey Sikes were divorced, admittedly having been told that he had obtained a divorce in Mexico, and that she had actually known for some two or three years prior to commencing the present action that he had obtained the divorce in Alabama.

The plaintiff, as the appellant here, argues that the equitable doctrine of laches is inapplicable because the case was brought to enforce the legal statutory right of Fleta Ridley Sikes to have support and alimony from her husband, Matthew Harvey Sikes and that she has asked for no equitable relief, further contending that no statute of limitation prevents her from challenging the validity of the Alabama decree. Putting aside any other considerations, we are of the opinion that the case, insofar as it involves a collateral attack on the Alabama decree, which must be recognized as not void on its face, is controlled by the clear provisions of CPA § 60 (a, b), Code Ann. § 81A-160 (a, b), to the effect that, except for a judgment void on its face, and except for attack by way of motion in the court of rendition, the only method otherwise provided is "by complaint in equity in any superior court of appropriate jurisdiction." And, should a court, in the exercise of equitable powers, ultimately render a decree, the effect of which would invalidate the Alabama divorce, this would, in effect, invalidate the second marriage some 14 years later between the two defendants. "In McNeil v. McNeil, 170 Fed. 289, 292, the court said 'The safety of society imperatively demands that one who seeks to overthrow an apparently valid decree of divorce should proceed with the utmost promptness upon discovery of the facts claimed to show its invalidity. It must be apprehended that a man who has secured a decree of divorce, valid on its face, may endeavor to marry again, thus entangling some innocent woman in most

intolerable difficulties, should the divorce be afterwards annulled. In such a case, one who seeks the aid of equity should, in limine, make it appear that she has proceeded in good faith and with reasonable diligence.' " *McConnell v. McConnell,* 135 Ga. 828, 831 (70 SE 647). Even if the plaintiff were told that the divorce was obtained in Mexico instead of Alabama, she at least accepted the fact of a divorce when in 1932 she sought to enforce the December, 1928, agreement wherein she acknowledged the fact of divorce. Should she then some 40 years later be heard to complain? "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve." Code § 37-211.

But the plaintiff seeks to repudiate or avoid the effect of the agreement of December 5, 1928, stating as an issue in her brief here that she "contends that the execution by her of the agreement of December 5, 1928 was induced by fraud, deception and duress and does not constitute a valid and binding settlement of her rights." The effect of this contention is to seek to avoid application of Code § 30-211, whereby a husband, having voluntarily separated from or abandoned his wife, may voluntarily by deed (as here used it includes a contract or separation agreement, *Powell v. Powell,* 196 Ga. 694, 699 (27 SE2d 393)), make adequate provision for support which shall bar the right to permanent alimony. It is clear that one who has accepted and retained alimony or property awarded by a judgment is estopped to prosecute an action to set aside the decree of divorce rendered in the same judgment. *Booker v. Booker,* 217 Ga. 342 (122 SE2d 86); *Thompson v. Thompson,* 203 Ga. 128 (45 SE2d 632). The same reasoning should apply where one accepts and retains property, alimony, or other benefits under a separation agreement. "In cases of fraud (except in the execution of a will) equity has concurrent jurisdiction with the law." Code § 37-701.

We are convinced from a study of the pleadings, the voluminous record of nearly 700 pages, and the contentions of the parties in the lower court and here on appeal, that the statutory claim for alimony cannot be segregated from any claim for equitable relief and any equitable defense, including application of the equitable doctrine of laches, i.e., that "[e]quity gives no relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the right." Code § 37-119. The plaintiff and the defendant whom she married are now in their twilight years. Their marriage took place in fact in 1911 and ceased to exist in fact about 1928. Memories have dimmed, records have been lost or destroyed, witnesses are dead. The record is replete with instances

where witnesses admittedly cannot recall events. The hotels in which the defendant, Matthew Harvey Sikes, states he lived in Alabama, have long ceased to exist. No court under these circumstances, should attempt to resurrect the past to disturb a divorce, valid on its face, obtained in 1928, and an alimony agreement thereafter made during the same year, and obviously thereafter recognized by the parties, or to disturb a second marriage in existence since 1942. In our opinion the plaintiff has slept on any rights she may have had, and cannot now be heard to complain.

*Judgment affirmed. All the Justices concur.*