30526. PEKOR v. CLARK.

UNDERCOFLER, Presiding Justice.

On August 14, 1975, David Alan Clark, Sr., and Brenda Massey Clark were divorced. An agreement had been entered into between the parties settling questions

of property, custody and child support. This agreement was made a part of the judgment of the court. On September 12, 1975, within 30 days of the final decree and within the same term of court, the husband filed a "motion to arrest judgment" based on inceptive fraud in procuring the award of custody of the children. A rule nisi issued. After a hearing, the trial court found the following: That because of certain enumerated facts, the wife made certain representations to the husband about the custody of the children which caused him to agree to her custody of them when she knew at the time she made the representations that she intended not to honor them; that such action on the part of the wife was a fraud on the husband and the court; and that the court had the power during the term of court to change its judgment. The final divorce decree was revised to award custody of the children to their father. The mother appeals to this court. *Held:*

1. "A trial judge has the power during the same term of court at which a judgment is rendered to revise, correct, revoke, modify, or vacate such judgment, even upon his own motion, for the purpose of promoting justice and in the exercise of a sound legal discretion." *Tyler v. Eubanks,* 207 Ga. 46 (60 SE2d 130) (1950); *Dover v. Dover,* 205 Ga. 241 (1) (53 SE2d 492) (1949); *Waldor v. Waldor,* 217 Ga. 496 (2) (123 SE2d 660) (1962). This "rule was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor." *Hicks v. Hicks,* 226 Ga. 798, 799 (177 SE2d 690) (1970). "This inherent power of the court extends to all orders and judgments save those which are founded upon verdicts." *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273, 277 (18 SE2d 492) (1942). It is not too late for the judge to exercise this power if the proceeding for that purpose was begun during the term. *Miraglia v. Bryson,* 152 Ga. 828 (2) (111 SE 655) (1922); *Peoples Loan Co. v. Allen,* 199 Ga. 537, 556 (34 SE2d 811) (1945).

The "motion to arrest" the judgment in the present case was sufficient to indicate to the trial judge that a change in custody might be in the interest of the children.

Under these principles, the trial court had the

authority and power during the same term of court to vacate and set aside the award of custody in this case and to award the children to their father. It was not necessary to give notice to anyone. *Athens Apt. Corp. v. Hill,* 156 Ga. 437 (1) (119 SE 631) (1923); *Dover v. Dover,* supra; *Waldor v. Waldor,* supra.

2. The husband is not estopped from seeking custody of the children because he entered into a contract with the wife agreeing that she would have their custody. " 'Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole.' *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5) (1956); *Booker v. Booker,* 219 Ga. 358, 359 (133 SE2d 353) (1963). At the time the divorce decree was entered the trial judge, had a right to refuse to approve the agreement of the parties as to custody. Although the custody award followed the agreement of the parties, it was the judgment of the court, and the judge would have the right to modify his judgment during the term of court at which it was rendered." *Barrett v. Manus,* 219 Ga. 693 (135 SE2d 430) (1964).

3. The evidence shows that the trial court did not abuse his discretion in awarding custody of the children to their father.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED JANUARY 9, 1976 — DECIDED MARCH 11, 1976.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone,* for appellant.

*Hirsch, Beil & Partin, Milton Hirsch, Jacob Beil,* for appellee.