## 52694. STORY et al. v. GWINNETT BANK & TRUST COMPANY.

STOLZ, Judge.

"The general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, unless the proceeding for that purpose was begun during the term." *Miraglia v. Bryson,* 152 Ga. 828 (2) (111 SE 655) (1922) and cits.; *Pekor v. Clark,* 236 Ga. 457 (1) (224 SE2d 30) (1976).

We take judicial notice that the November 1975 term of the Superior Court of Gwinnett County expired on the first Monday in January 1976 (January 5), on which day the January 1976 term commenced. Ga. L. 1976, p. 4678.

Accordingly, where the superior court judge entered an order on January 2, 1976 (November term) refusing to confirm the appellee bank's foreclosure sale, such order, unappealed from and not set aside or altered *within the term in which entered,* is controlling in the case. Thus, all further proceedings in the case within terms subsequent

to the November 1975 term are null and void, viz., the judge's January 19, 1976 amendment of the January 2 order to allow a resale, pursuant to Code Ann. § 67-1505 (Ga. L. 1935, p. 381); the judge's stay of his January 19 order on January 28; the appellee bank's resale of the property on March 2; and the judge's March 4 order adhering to the January 19 order.

Therefore, the judgment denying the appellants' motion to dismiss the appellee bank's second petition for confirmation and the order of confirmation, was reversible error.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED SEPTEMBER 22, 1976 — DECIDED NOVEMBER 23, 1976.

*James W. Garner,* for appellants.
*William J. Porter, Jr.,* for appellee.