## S93G0547. GEORGIA DEPARTMENT OF HUMAN RESOURCES v. AMMONS.
### (436 SE2d 316)

PER CURIAM.

After plenary consideration of this matter, it is found not to satisfy the criteria for the grant of certiorari, and the writ is therefore vacated.

*Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins, JJ., and Senior Judge Richard Bell, concur; Benham and Hunstein, JJ., dissent. Carley, J., disqualified.*

SEARS-COLLINS, Justice, concurring.

*TRIAL COURTS BEWARE.*

Although I agree with the Court of Appeals' judgment in this case and concur in this Court's decision to vacate certiorari, I write to warn trial courts of a critical function they must perform in all termination proceedings. Under OCGA § 15-11-81 (a), after the trial court determines that subsection (b) of that Code section is satisfied, the court *must* determine whether the termination of parental rights is in the child's best interest. This requirement is especially important in cases such as this one, where the natural parents act in concert to terminate the parental rights of one of the parents and satisfy § 15-11-81 (b) through the consent of the parent whose parental rights are sought to be terminated, § 15-11-81 (b) (1). In such cases, the parents may both desire the termination for their own reasons, with insufficient thought given to the child's best interest. Trial courts, with the assistance of the child's attorney, see OCGA § 15-11-85, must fill this void by determining whether the termination is truly in the best interests of the child.

DECIDED SEPTEMBER 23, 1993.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General,* for appellant.

*McDonald, Kinnamon & Thomas, E. Crawford McDonald,* for appellee.