A98A0632. IN THE INTEREST OF A. D. B., a child.
(503 SE2d 596)

ANDREWS, Chief Judge.

The mother of A. D. B., a three-year-old child, initiated a petition in the superior court to terminate the parental rights of the child's legal father. The mother had custody of the child pursuant to a divorce decree between the parties. After a hearing, the superior court granted the father's motion for a directed verdict and denied the petition. The mother appeals from the court's order.

Pursuant to OCGA § 15-11-5 (a) (2) (C), the juvenile court has "exclusive original jurisdiction over juvenile matters and shall be the sole court for initiating action: . . . [f]or the termination of the legal parent-child relationship . . . other than that in connection with adoption proceedings under Chapter 8 of Title 19, in which the superior courts shall have concurrent jurisdiction to terminate the legal parent-child relationship. . . ." Since the present termination petition was not in connection with adoption proceedings, the superior court lacked subject matter jurisdiction to consider the petition. *Alexander v. Guthrie*, 216 Ga. App. 460, 462 (454 SE2d 805) (1995); *Cothran v. Cothran*, 237 Ga. 487, 488 (228 SE2d 872) (1976).

Although the parties consented at the hearing to the jurisdiction of the superior court, the consent of the parties cannot confer subject matter jurisdiction on a court. *Gray v. Gray*, 229 Ga. 460, 461 (192 SE2d 334) (1972). "When a court has before it a matter where it has no jurisdiction of the subject matter, no legal judgment can be rendered except one of dismissal; and when this court discovers from the

record on appeal that a judgment has been rendered by a court having no jurisdiction of the subject matter, it will of its own motion reverse the judgment." Id. at 461. "[W]hen a trial court enters a judgment where it does not have jurisdiction, such judgment is a mere nullity; but an appeal from such an illegal judgment will not be dismissed but instead, the void judgment will be reversed." *Darden v. Ravan*, 232 Ga. 756, 758 (208 SE2d 846) (1974); *Pope v. Jones*, 79 Ga. 487, 488 (4 SE 860) (1888). Because the superior court was only authorized to dismiss the petition, its order addressing the merits of the petition is reversed.

Appellee's motion for imposition of a penalty under Court of Appeals Rule 15 (b) is denied.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED MAY 28, 1998.

*Walters, Davis & Pujadas, J. Harvey Davis*, for appellant.
*Starling & Starling, Donald A. Starling*, for appellee.

