A03A0460. DIEGEL v. DIEGEL et al.
(583 SE2d 520)

MILLER, Judge.

Brent Diegel sued his ex-wife and her attorney for breach of contract and fraud. Brent sought to enforce an agreement to terminate his parental rights in his two children. The trial court dismissed the complaint for failure to state a claim. The complaint was clearly based on a void agreement; therefore, we affirm.

Brent and Cami Diegel divorced on October 26, 2000. A few days earlier on October 18, 2000, the Diegels had signed a contract to terminate Brent's parental rights in the couple's two children. The contract, signed by the Diegels and witnessed by their attorneys, stated that Cami "shall file a petition to terminate the father's parental rights within six months of the divorce. Husband shall pay expenses . . . for termination of parental rights." The contract further provided that the parties "agree to said termination and shall sign any required documents, perform any required acts and make any required court appearances to terminate such rights." Cami filed the petition to terminate Brent's parental rights on May 30, 2001, but subsequently dismissed the petition because the payment received from Brent's attorney for filing was returned for insufficient funds. Cami did not refile the petition, and Brent sued both Cami and her attorney for breach of contract and fraud. The trial court dismissed the complaint on the ground that the agreement was void because Brent could not voluntarily terminate his parental rights.

"The duty of parents to support their children is joint and several, and does not cease upon separation or divorce of the parents." (Citations omitted.) *Collins v. Collins*, 172 Ga. App. 748 (324 SE2d 475) (1984). Indeed, it is well settled in Georgia that "[o]ne parent cannot contract away the right of a child to be supported by the other parent, and such a provision . . . is void." (Citations and punctuation omitted.) *Dept. of Human Resources v. Prince*, 198 Ga. App. 329, 331 (2) (401 SE2d 342) (1991); see *Livsey v. Livsey*, 229 Ga. 368, 369 (191 SE2d 859) (1972) (the right to support belongs to the child and not the parent). Brent's contract with Cami to terminate his parental rights in their two children was essentially an attempt to voluntarily abandon his parental responsibility. See *In re K. L. S.*, 180 Ga. App. 688, 689 (350 SE2d 50) (1986). As such agreement is void, Brent would not be entitled to relief under any state of facts that could be proved in support of his claim. See *Watkins v. Hereth*, 257 Ga. App. 184 (570 SE2d 629) (2002). The trial court did not err in dismissing the complaint.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JUNE 13, 2003.

Brent Diegel, *pro se.*
*Carol S. Dew*, for appellees.