S05F1412. TAYLOR v. TAYLOR.
(623 SE2d 477)

SEARS, Chief Justice.

Husband, Christopher Michael Taylor, appeals from the Toombs County Superior Court's order terminating his parental rights, which was part of a final judgment of divorce. During the divorce negotiations, husband agreed to voluntarily surrender his parental rights, pursuant to OCGA § 19-7-1, in exchange for wife's agreement to release husband from any child support obligations. After the agreement had been announced in court, but before it had been finalized or

incorporated into a final judgment, husband attempted to back out of the agreement. The trial court expressed its reluctance to enforce the agreement, but did so even though it found the agreement not to be in the best interest of the child. Because the trial court erroneously concluded that it had no discretion to consider whether the parties' agreement was in the best interest of the child, we reverse and remand to the trial court for a hearing and determination in that regard.

Husband and wife were married in May 2003, and the couple's daughter was born in November 2003. In January 2004, wife moved back to her parents' home, and husband initiated divorce proceedings. Prior to the first hearing, wife's parents offered to assume all support obligations for the child in exchange for husband's agreement to voluntarily surrender his parental rights. Husband agreed, and the agreement was announced to the court at a hearing on May 13, 2004.

In spite of the existence of the agreement, the trial court ordered a paternity test for the child in September 2004. After the test showed that husband was in fact the father of the child, husband refused to sign the agreement surrendering his parental rights. In response, wife filed a motion to enforce the agreement.

During a hearing on November 8, 2004, husband stated his desire not to enter into the agreement. The trial court expressed its reluctance to enforce the agreement, stating, "I think it's a terrible thing to do, quite frankly . . . [and] I find [it is] not in the best interest of the child." Nevertheless, the trial court felt compelled to enforce the agreement, and did so by final order on February 4, 2005.

Under settled Georgia law, the trial court has the authority "to disregard any agreement between the parties in making the award [of custody], since the welfare of the child is the controlling factor in the court's determination of custody."[1] Similarly, we find that the trial court should consider whether termination of parental rights is in the best interest of the child in the context of a voluntary agreement under OCGA § 19-7-1.[2] Where the court finds that terminating

---

[1] Dan E. McConaughey, Georgia Divorce, Alimony and Child Custody, § 19-1, p. 417 (2001); see also *Pekor v. Clark*, 236 Ga. 457, 459 (224 SE2d 30) (1976) (" '[w]here the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole,' " quoting *Amos v. Amos*, 212 Ga. 670, 671 (95 SE2d 5) (1956)); *Stanton v. Stanton*, 213 Ga. 545, 549 (100 SE2d 289) (1957) (parents' custody agreement subrogated to the paramount issue of the best interest of the child); OCGA § 19-9-5 (b) (court has discretion to ratify or reject parties' custody agreement according to its determination regarding the best interest of the child).

[2] See generally OCGA § 15-11-94 (a) (in a proceeding to terminate parental rights, even where the ground for termination is one parent's consent, the court should consider the interest

parental rights is not in the best interest of the child, it should reject the parties' agreement to do so. Because the trial court expressly stated its belief that the termination of husband's rights in this case was not in the best interest of the child, but still felt compelled to do so, we reverse and remand for a new determination of that issue.

In so holding, we echo the words spoken by this Court one hundred and twenty years ago:

> The breaking of the tie that binds [parent to child] can never be justified without the most solid and substantial reasons, established by plain proof. In any form of proceeding, the sundering of such ties should always be approached by courts with great caution and with a deep sense of responsibility.[3]

*Judgment reversed. All the Justices concur, except Hunstein, P. J., who concurs specially, and Benham, J., who concurs in the judgment only.*

HUNSTEIN, Presiding Justice, concurring specially.

I agree with the majority opinion that the trial court erred by failing to consider whether the termination of husband's parental rights is in the best interest of the child. In reaching this result, however, the majority incorrectly characterizes the issue as one involving merely child custody and inappropriately focuses on OCGA § 19-7-1, a statute placing custody and decision-making control over a child with the parents and enumerating ways in which that parental control may be lost. In my opinion, the correctness of the trial court's order terminating husband's parental rights and the resolution of this appeal depends not on application of OCGA § 19-7-1 but OCGA § 15-11-94, the statute that specifically provides the conditions and procedures under which parental rights may be terminated in Georgia.

It is indisputable that a parent possesses certain powers of control and rights and obligations with respect to a child arising from the parent-child relationship. It is equally indisputable that these parental powers of control and commensurate rights can be forfeited only "in one of the modes recognized by law." *Miller v. Wallace*, 76 Ga. 479, 486 (1886). For example, under Georgia law, a parent may relinquish parental powers of control over a child by voluntary

---

of the child before entering a termination order); *Ga. Dept. of Human Resources v. Ammons*, 263 Ga. 382 (436 SE2d 316) (1993) (Sears, J., concurring) (a finding regarding the best interest of the child is necessary before any voluntary termination of parental rights can take effect); *Diegel v. Diegel*, 261 Ga. App. 660 (583 SE2d 520) (2003) (one parent cannot contract away the right of the child to be supported by the other parent).

[3] *Miller v. Wallace*, 76 Ga. 479, 487 (1886).

contract pursuant to which the child is released to a third party, OCGA § 19-7-1 (b); may surrender or terminate parental rights by consenting to the adoption of the child, OCGA § 19-8-4, § 19-8-5, § 19-8-6, or § 19-8-7; or may have their parental rights terminated pursuant to OCGA § 15-11-93 et seq. Although the issue in this appeal originally arose out of a custody dispute involving only the parties' power of parental *control* over their daughter, see OCGA § 19-7-1, by the parties' agreement and the incorporation of the agreement in the final order the issue turned into one involving the complete forfeiture of husband's parental rights.[4] Thus, the court's order affects not only husband's parental powers of control over the child but terminates in their entirety all of husband's rights and obligations with respect to the child arising from the parental relationship, thereby rendering OCGA § 15-11-94 the applicable statutory authority. See generally *Watkins v. Watkins*, 266 Ga. 269 (466 SE2d 860) (1996) (custody dispute turned into Title 15 deprivation proceeding where court found minor children deprived and awarded custody to DFACS).

Under clearly established Georgia law, courts must follow the applicable provisions of OCGA § 15-11-93 et seq. in order to terminate the parental rights of a parent. *In the Interest of J. E. E.*, 228 Ga. App. 831 (2) (493 SE2d 34) (1997). Because the parties to this appeal chose termination of parental rights as the "mode" to end the parent-child relationship between husband and his daughter, I would hold that the trial court erroneously terminated husband's parental rights without complying with the requirements of OCGA § 15-11-93 et seq., including the requirement that the court consider the best interest of the child. See OCGA § 15-11-94 (a); *Ga. Dept. of Human Resources v. Ammons*, 263 Ga. 382 (436 SE2d 316) (1993). Accordingly, I agree that the trial court's order must be reversed.

DECIDED DECEMBER 1, 2005.

*Sarah M. Tipton-Downie*, for appellant.
*Durden, Kaufold, Rice & Barfield, Howard C. Kaufold, Jr.*, for appellee.

---

[4] The trial court's order expressly terminated husband's parental rights, holding that husband "shall have no further parental rights, privileges, or interest in the minor child involved in this matter."