## S08A1707. AMERSON v. VANDIVER.
### (673 SE2d 850)

CARLEY, Justice.

Pamela D. Amerson and John M. Vandiver were divorced in March 2004. The final divorce decree incorporated a settlement agreement which, in relevant part, provided that Ms. Amerson would have sole and permanent custody of the parties' two children, that Mr. Vandiver agreed to the termination of his parental rights and would have no obligation for child support, and that such termination was in the best interests of the children. In April 2007, the judgment was amended solely to correct the spelling of one child's name.

In March 2008, Mr. Vandiver moved to set aside the divorce decree on the ground that the superior court lacked subject matter jurisdiction to terminate his parental rights. Although it found that the agreement was voluntarily entered and is effective as a contract between the parties, the superior court set aside so much of the final judgment as may be construed to terminate Mr. Vandiver's parental rights. The superior court also transferred the case to the juvenile court for final disposition of all issues regarding termination of parental rights, custody, visitation, child support, and all ancillary matters necessary for the entry of a final judgment. Ms. Amerson appeals pursuant to our grant of her application for interlocutory appeal.

Georgia law authorizes judicial approval of a parent's voluntary agreement for the termination of his parental rights when it is in the best interest of the child. *Taylor v. Taylor*, 280 Ga. 88, 89 (623 SE2d 477) (2005). Under those limited circumstances, the agreement is enforceable and does not violate the principle that "one parent cannot contract away the right of the child to be supported by the other parent." *Taylor v. Taylor*, supra at 90, fn. 2. We also note that OCGA § 15-11-98 (a), which governs the appointment of legal counsel and guardians ad litem to represent children in proceedings for termination of parental rights, does not apply to a motion to set aside and, moreover, that no issue has been raised regarding any failure to make such appointments in either the original divorce

action or the motion to set aside. See *Department of Human Resources v. Ammons*, 206 Ga. App. 805, 807 (2) (426 SE2d 901) (1992); *In the Interest of S. L.*, 189 Ga. App. 361, 363 (375 SE2d 484) (1988) (on motion for rehearing); *In the Interest of C. M.*, 172 Ga. App. 757 (324 SE2d 581) (1984); Dan E. McConaughey, *Ga. Divorce, Alimony and Child Custody*, § 22:14, p. 851 (2007-2008 ed.).

However, under OCGA § 15-11-28 (a) (2) (C), except in connection with an adoption proceeding, which has not occurred here, the juvenile court is the sole court for initiating action involving any proceeding for the termination of parental rights. Therefore, "[a] superior court judge, upon hearing a divorce and child custody case, does not have jurisdiction to terminate parental rights . . . . [Cits.]" *Cothran v. Cothran*, 237 Ga. 487 (228 SE2d 872) (1976). See also *In the Interest of A. D. B.*, 232 Ga. App. 697 (503 SE2d 596) (1998). Compare *Taylor v. Taylor*, supra (issue of superior court's jurisdiction was neither raised nor resolved). Furthermore, parties cannot

> confer subject-matter jurisdiction on a court by agreement or waive the defense by failing to raise it in the trial court. That is not to say, however, that there is no defense available to an . . . attack on a void judgment. [Cits.] Under limited circumstances, the equitable defenses of laches and estoppel may prevent a party from complaining of a court's lack of subject-matter jurisdiction. [Cits.]

*Abushmais v. Erby*, 282 Ga. 619, 622 (3) (652 SE2d 549) (2007). See also *Howington v. Howington*, 281 Ga. 242, 243 (1) (637 SE2d 389) (2006) ("laches can be a defense to an action attacking the validity of a divorce decree. [Cits.]"). The stability of the family and of society demands that one who intends to attack an apparently valid decree of divorce should proceed with the utmost promptness. *Herring v. Herring*, 246 Ga. 462, 464 (271 SE2d 857) (1980) (cited in *Abushmais*); *Sikes v. Sikes*, 231 Ga. 105, 107 (200 SE2d 259) (1973).

Mr. Vandiver affirmatively invoked the jurisdiction of the superior court for the purpose of obtaining a divorce, consented to that court's incorporation of the settlement agreement, and then failed to file a motion to set aside for four years.

> The acts and omissions of [Mr. Vandiver] prior to the divorce decree coupled with [his] failure to proceed promptly following the decree are sufficient to constitute an affirmative course of conduct which, when relied upon by [Ms. Amerson], estops [him] from attacking the divorce as void.

*Herring v. Herring*, supra. See also *Brannon v. Brannon*, 261 Ga.

565, 566 (407 SE2d 748) (1991) (where husband filed divorce complaint, signed agreement to pay child support for grandchild which was incorporated into decree, and paid such child support for 18 months before attacking the decree as void).

Accordingly, the trial court erred in setting aside that portion of the final divorce decree which terminated Mr. Vandiver's parental rights.

*Judgment reversed. All the Justices concur.*

HUNSTEIN, Presiding Justice, concurring.

I write separately to stress to the bench and bar that issues such as the termination of parental rights, child support for grandchildren and other matters within the exclusive subject-matter jurisdiction of the juvenile courts, when negotiated by the parties and included in a divorce settlement agreement, must be taken to the juvenile court, not the superior court. Such provisions are not made valid by their incorporation by a superior court into the divorce decree. Quite aside from the controlling constitutional provisions regarding the subject-matter jurisdiction of our courts, there are compelling public policy reasons to keep these child-sensitive issues in the juvenile courts, where the best interests of the child are paramount and protections exist, such as the appointment of guardians ad litem, OCGA § 15-11-98 (a), that serve to guarantee those best interests are considered. The convenience of the parents seeking a divorce cannot be allowed to trump these concerns and, thus, while I concur fully with the majority that the four-year lapse of time in this case supports the application here of the equitable defense of laches, I strongly disapprove of handling such important child-sensitive issues in the manner exemplified by the agreement in this case.

I am authorized to state that Chief Justice Sears joins in this concurrence.

DECIDED JANUARY 26, 2009 —
RECONSIDERATION DENIED FEBRUARY 23, 2009.

*Brenda H. Trammell*, for appellant.
*Martin L. Fierman*, for appellee.