S08G1611. IN THE INTEREST OF K. R. et al., children.
(674 SE2d 288)

HINES, Justice.

We granted certiorari to the Court of Appeals to determine whether it erred in interpreting the applicability of the legislative enactment that amended OCGA § 5-6-35 so as to require a discretionary application to appeal from orders terminating parental rights. See Act 264, H.B. No. 369, Ga. Laws 2007, p. 556, § 3; OCGA § 5-6-35 (a) (12). For the reasons that follow, we conclude that the Court of Appeals erred in its application of OCGA § 5-6-35 (a) (12).

On December 3, 2007, the Walton County Department of Family and Children Services ("Department") filed in the Juvenile Court of Walton County a petition to terminate the mother's parental rights to her two minor children. On March 7, 2008, nunc pro tunc to February 28, 2008, the juvenile court signed an order terminating the mother's parental rights; the order was filed with the clerk on March 10, 2008. By order, the Court of Appeals dismissed the mother's direct appeal of the termination order for failure to follow the discretionary application procedure as mandated by OCGA § 5-6-35 (a) (12). The Court of Appeals noted that prior to the

amendment of OCGA § 5-6-35 to include paragraph (a) (12), termination of parental rights cases were directly appealable as a matter of right; however, it concluded that after OCGA § 5-6-35 was amended in 2007, an application for discretionary appeal became necessary "where an appeal is sought from *an order terminating parental rights entered after January 1, 2008.*" (Emphasis supplied.) Inasmuch as the termination order was entered in March 2008, the Court of Appeals dismissed the direct appeal.

But, the Court of Appeals' analysis is flawed; it erred in finding that OCGA § 5-6-35, as amended in 2007, and specifically paragraph (a) (12), applies to appeals from termination *orders* entered after January 1, 2008. The Act plainly states that it "shall become effective on January 1, 2008, and *shall apply to all child custody proceedings and modifications of child custody filed on or after January 1, 2008.*" (Emphasis supplied.) Ga. Laws 2007, p. 569, § 8. Thus, the salient date for triggering the change in appellate procedure in an appeal from an order terminating parental rights is the time the legal action is filed, not the date that an order sought to be appealed in such action is issued.

The Department's petition to terminate the mother's parental rights was filed on December 3, 2007, and therefore, it is not subject to amended OCGA § 5-6-35, specifically paragraph (a) (12). The appellate procedure prior to January 1, 2008 is applicable, and consequently, the mother has a right of direct appeal from the order terminating her parental rights. See *In the Interest of D. S. P.,* 233 Ga. App. 346, 347 (1) (504 SE2d 211) (1998); *In re S. N. S.,* 182 Ga. App. 803 (357 SE2d 127) (1987).

Accordingly, the order of dismissal is vacated, and the case is remanded to the Court of Appeals for action consistent with this opinion.

*Order of dismissal vacated and case remanded. All the Justices concur.*

DECIDED MARCH 9, 2009.

*Jones & Duff, Lori B. Duff,* for appellant.
*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Elizabeth M. Williamson, Assistant Attorney General, Melanie R. Metcalf,* for appellee.