A10A0248. MARTINEZ v. MARTINEZ.
(687 SE2d 610)

BERNES, Judge.

During the pendency of divorce proceedings between Amy and Robert Martinez, the trial court granted Mr. Martinez's motion to enforce a settlement agreement pertaining to child custody and visitation and awarded him primary physical custody of the two minor children. Ms. Martinez filed a direct appeal,[1] challenging enforcement of the settlement agreement. We affirm.

1. Although not raised by the parties, we first must address whether a direct appeal was authorized in this case. See *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006) ("This [C]ourt has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court.") (footnote omitted). We conclude that Ms. Martinez was

---

[1] Although Ms. Martinez appealed to the Supreme Court of Georgia, the Supreme Court transferred the appeal to this Court upon finding that it did not involve divorce or alimony.

entitled to file a direct appeal under the recently amended OCGA § 5-6-34 (a) (11).

The record reflects that Mr. Martinez filed for divorce in June 2007 and sought, among other things, legal and physical custody of the children, with visitation rights to Ms. Martinez. Ms. Martinez answered and counterclaimed for divorce, contending that primary legal and physical custody of the children should be awarded to her. Following a hearing, the trial court entered a temporary order granting the parties joint legal custody of the children, designating Mr. Martinez as the primary custodial parent, and establishing visitation rights for Ms. Martinez.

In October 2008, while the divorce proceedings remained pending, Mr. Martinez filed a motion to enforce a settlement agreement that he contended the parties had reached on the limited issues of child custody and visitation. Mr. Martinez asserted that the parties had agreed to joint legal custody of the children, with Mr. Martinez being the primary custodial parent and Ms. Martinez having routine visitation rights every Thursday night and every other weekend.

After conducting a hearing, the trial court entered an order granting Mr. Martinez's motion to enforce the settlement agreement. On the same day, the trial court entered a "Final Order on Custody and Visitation" awarding custody and visitation rights to the parties in accordance with the terms of the settlement agreement. Ms. Martinez filed a timely direct appeal from the final custody order.

In 2007, the General Assembly amended OCGA § 5-6-34 to provide that "[a]ll judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders" are directly appealable. OCGA § 5-6-34 (a) (11). Previously, such orders were not subject to direct appeal. See *Croft v. Croft*, 298 Ga. App. 303, n. 1 (680 SE2d 150) (2009); *Moore v. Moore-McKinney*, 297 Ga. App. 703, 704-707 (1) (678 SE2d 152) (2009). The amendment applies "to all child custody proceedings and modifications of child custody filed on or after January 1, 2008." Ga. L. 2007, p. 569, § 8. Interpreting this effective date provision, the Supreme Court of Georgia has held that "[t]he salient date for triggering the change in appellate procedure . . . is the time the legal action is filed, not the date that an order sought to be appealed in such action is issued." *In the Interest of K. R.*, 285 Ga. 155, 156 (674 SE2d 288) (2009).

In light of this Supreme Court precedent, the pertinent question for jurisdictional purposes is whether the "legal action" was the divorce complaint filed in 2007 in which Mr. Martinez sought, among other things, primary custody of the children, or the motion to

YALE LAW LIBRARY

enforce the settlement agreement on child custody and visitation filed in 2008. If the relevant legal action was the 2007 divorce complaint, the recently amended OCGA § 5-6-34 (a) (11) does not apply and a direct appeal was not authorized. The opposite is true if the relevant legal action was the 2008 motion to enforce the settlement agreement.

Here, the final custody order being appealed predicated the award of child custody and visitation on the settlement agreement, not on the allegations of the divorce complaint addressed in a temporary hearing or trial. Accordingly, the relevant legal action for jurisdictional purposes was Mr. Martinez's motion to enforce the settlement agreement. Since that motion was filed in 2008, Ms. Martinez was authorized to file a direct appeal in this case. See OCGA § 5-6-34 (a) (11); Ga. L. 2007, p. 569, § 8; *In the Interest of K. R.*, 285 Ga. at 156.

2. We turn now to the merits of this appeal. Ms. Martinez contends that the trial court erred in enforcing the settlement agreement on child custody and visitation because she did not assent to the terms of the settlement and lacked capacity to contract at the time in question due to her medical condition. Ms. Martinez does not cite to any record evidence to support her contentions, but instead argues that the trial court should have conducted an evidentiary hearing to address these issues before ruling on whether to enforce the settlement agreement. She concedes that the motion to enforce the settlement agreement came before the trial court for a hearing on October 17, 2008, but she maintains that the trial court refused to receive any evidence from the parties on that date.

In contrast, Mr. Martinez contends that the trial court did in fact receive evidence at the October 17 hearing. Consistent with Mr. Martinez's contention, the trial court's order enforcing the settlement agreement states that a hearing was conducted on October 17 and indicates that evidence was received. The trial court's order specifically references an affidavit of Ms. Martinez's chiropractor that apparently was submitted at the hearing.

In her amended notice of appeal, however, Ms. Martinez intentionally excluded all transcripts from the record to be transmitted to this Court. The record on appeal thus does not include a transcript of the October 17 hearing. Nor does the record include the affidavit of Ms. Martinez's chiropractor that was considered by the trial court in granting the motion to enforce the settlement agreement.

"In order for the appellate court to determine whether the judgment appealed from was erroneous, it is the duty of the appellant to include in the record those items which will enable the appellate court to perform an objective review of the evidence and proceedings." (Footnote omitted.) *Atwood v. Southern Bedding Co.*,

236 Ga. App. 116 (1) (511 SE2d 232) (1999). Thus, "where the proof necessary for determination of the issues on appeal is omitted from the record, an appellate court must assume that the judgment below was correct and affirm." (Citation omitted.) *Enchanted Valley RV Park Resort v. Weese*, 241 Ga. App. 415, 417 (1) (c) (526 SE2d 124) (1999). Accordingly, given the absence of a transcript of the October 17 hearing and of the chiropractor's affidavit from the record on appeal, we must presume that the trial court's enforcement of the settlement agreement and award of primary custody to Mr. Martinez was correct and affirm. See id. at 417-418 (1) (c). See also *St. Paul Reinsurance Co. v. Ross*, 276 Ga. App. 135, 139 (1) (622 SE2d 374) (2005); *Fowler v. Catoosa County*, 246 Ga. App. 740 (1) (541 SE2d 127) (2000).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 24, 2009.

*Jonathan P. Waters*, for appellant.
*Westmoreland, Patterson, Moseley & Hinson, James E. Patterson*, for appellee.