## S10A0471. TODD v. TODD.

(696 SE2d 323)

CARLEY, Presiding Justice.

The trial court entered a final divorce decree which dissolved the parties' marriage, distributed their property and awarded primary physical custody of the parties' minor child to Sharon Todd (Mother). During the same term of court, Walter Todd (Father) filed a motion for reconsideration, requesting primary physical custody of the child. After a hearing, the trial court vacated the child custody, visitation and child support provisions of the original decree, and revised the decree to award physical custody of the child to Father. Mother then challenged the custody award in the final divorce decree by timely filing both an application for discretionary appeal in this Court and a notice of appeal in the trial court. The notice of appeal and the record were promptly transmitted to this Court, and the case was separately docketed as a direct appeal. However, the discretionary application was subsequently granted pursuant to our Pilot Project in divorce cases. Mother did not thereafter file a second notice of appeal.

1. "It is incumbent upon this Court to inquire into its own jurisdiction. [Cit.]" *Nix v. Watts*, 284 Ga. 100 (664 SE2d 194) (2008). A direct appeal will not lie from a judgment granting a divorce, and instead an appeal from such a judgment must be brought by application. OCGA § 5-6-35 (a) (2). Likewise, prior to 2007, there was no right to a direct appeal in child custody cases. Instead, pursuant to the former version of OCGA § 5-6-35 (a) (2), appeals in such cases had to be brought by application. However, in 2007, the General Assembly amended both OCGA §§ 5-6-34 and 5-6-35, removing all references to child custody cases in OCGA § 5-6-35 (a) (2), and enacting subsection (11) in OCGA § 5-6-34 (a), to provide that direct appeals may be taken from "judgments or orders in child custody cases including, but not limited to, awarding or refusing to change child custody or holding or declining to hold persons in contempt of such child custody judgment or orders." Consequently, this case raises the issue of whether the right to a direct appeal in child

custody cases, set forth in OCGA § 5-6-34 (a) (11), applies to final decrees of divorce in which child custody is an issue.

> Both OCGA §§ 5-6-34 (a) and 5-6-35 (a) are involved when, as here, a trial court issues a judgment listed in the direct appeal statute in a case whose subject matter is covered under the discretionary appeal statute. In resolving similar conflicts, this court has ruled that an application for appeal is required when the "underlying subject matter" is listed in OCGA § 5-6-35 (a). [Cit.] Therefore, the discretionary application procedure must be followed, even when the party is appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). [Cits.]

*Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994).

In this case, the underlying subject matter is the divorce action resulting in a final divorce decree. Although the divorce decree here determined, among other things, child custody, such determination does not transform this into a "child custody case" as that phrase is used in OCGA § 5-6-34 (a) (11). In enacting that code section and revising OCGA § 5-6-35 (a) (2), the General Assembly specifically provided that its amendments "shall apply to all child custody proceedings and modifications of child custody filed on or after January 1, 2008." Ga. L. 2007, pp. 554, 569, § 8. A divorce action is not a child custody proceeding, but is a proceeding brought to determine whether a marriage should be dissolved. See OCGA § 19-5-1 et seq. All other issues in a divorce action, including child custody, are merely ancillary to that primary issue. In a somewhat similar context, this Court has held that even though a deprivation proceeding necessitates a determination as to child custody, "the proceeding itself is to determine whether the child is deprived and is not an action brought to decide custody matters." *In the Interest of J. P.*, 267 Ga. 492 (480 SE2d 8) (1997). See also *In the Interest of J. N.*, 302 Ga. App. 631 (1) (691 SE2d 396) (2010).

This Court has not previously resolved the issue raised by this appeal, but it has interpreted the effective date of the act in question, holding that "the salient date for triggering the change in appellate procedure . . . is the time the legal action is filed, not the date that an order sought to be appealed in such action is issued." *In the Interest of K. R.*, 285 Ga. 155, 156 (674 SE2d 288) (2009). Although not conclusive, this holding is consistent with the idea that the nature of the legal action filed is critical to the determination of the correct appellate procedure.

Three Court of Appeals cases, which have allowed direct appeals under OCGA § 5-6-34 (a) (11), exemplify the kind of "child custody

case" that is encompassed by that code section. In *Taylor v. Curl*, 298 Ga. App. 45 (679 SE2d 80) (2009), the father filed a petition for temporary custody, which the trial court granted. The mother directly appealed. The Court of Appeals held that she "was not required to comply with either the interlocutory or discretionary appeal procedures in this case." *Taylor v. Curl*, supra.

In *Martinez v. Martinez*, 301 Ga. App. 330 (687 SE2d 610) (2009), during a pending divorce action, the trial court granted the father's motion to enforce a settlement agreement pertaining to child custody. The mother filed a direct appeal challenging enforcement of the settlement agreement. The Court of Appeals held that the direct appeal was authorized because the order being appealed predicated the child custody award on the settlement agreement, not on the allegations of the divorce action. *Martinez v. Martinez*, supra at 332 (1).

In *Lurry v. McCants*, 302 Ga. App. 184 (690 SE2d 496) (2010), the father filed a petition to modify child custody that had been established by a consent order. The trial court denied the petition, and the Court of Appeals noted that the father's direct appeal was authorized because it stemmed from the modification petition and the order thereon. *Lurry v. McCants*, supra at 184, fn. 1.

This case is materially different from *Taylor, Martinez* and *Lurry*. Unlike those cases, there is not a separate child custody order being appealed. Rather, there is a final divorce decree which includes a child custody determination. Thus, even if the only relief sought on appeal pertains to that custody decision, the underlying subject matter is still the divorce action and its resulting final decree.

> We reiterate that the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal. A party should review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35. This approach fulfills the legislature's intent to give appellate courts more discretion in managing their caseload. Otherwise, any party [to a divorce involving child custody] could avoid the discretionary review procedure by seeking relief, however inappropriate, that would trigger the right to a direct appeal.

*Rebich v. Miles*, supra at 469. Because this is not a child custody case, but is a divorce case in which child custody is an issue, OCGA § 5-6-35 (a) (2) requires an application for discretionary appeal, and a direct appeal is not authorized by OCGA § 5-6-34 (a) (11). However,

Mother did follow the required application procedures. Furthermore, the timing of her notice of appeal does not deprive her of the appeal which this Court granted.

> [W]hile a failure to file a notice of appeal within ten days after the grant of an application will subject an appellant to dismissal, the filing of a notice of appeal after the judgment complained of is entered but before the granting of the application to appeal does not constitute a failure to timely file. [Cits.]

*Wannamaker v. Carr*, 257 Ga. 634, 635 (1) (362 SE2d 53) (1987). See also *Mixon v. Mixon*, 278 Ga. 446 (1) (603 SE2d 287) (2004). Thus, the appeal is properly before this Court.

2. Mother asserts that the trial court erred in granting the motion for reconsideration and changing physical custody when there was no evidence of any adverse effect on the best interests of the child. "[A] trial judge has the inherent power during the same term of court in which the judgment was rendered to revise, correct, revoke, modify or vacate the judgment, even upon his own motion. [Cits.]" *Bagley v. Robertson*, 265 Ga. 144, 146 (454 SE2d 478) (1995). Moreover, this inherent power may be extended beyond the term in which a judgment was entered when a motion for reconsideration is filed within that same term of court. *Masters v. Clark*, 269 Ga. App. 537, 539 (604 SE2d 556) (2004). Since the motion for reconsideration in this case was filed within the term of court that the original custody decree was entered, the trial court was authorized to exercise its inherent power to revise the custody award beyond that term. OCGA § 15-6-3 (19) (C) (Spalding County Superior Court terms of court commence on the first Monday in February, June and October).

However, this inherent power "was never intended to authorize the judge to set aside a judgment duly and regularly entered unless some meritorious reason is given therefor. [Cit.]" *Hicks v. Hicks*, 226 Ga. 798, 799 (177 SE2d 690) (1970). In this case, the sole basis for the motion for reconsideration was that Mother was living with a man named Adam Maraman. At the motion hearing, all the evidence related only to that issue, and there was no evidence concerning the welfare of the child. Father presented a private investigator, who testified that, based on his surveillance, he believed that Mother and Maraman were living together. Conversely, Mother and Maraman both testified that they were not living together prior to the divorce, and that since the divorce they had gotten married. At the conclusion of the hearing, the trial judge found that Maraman had been living with Mother, stated that it has always been his policy not to award

custody to a parent living with a non-relative, and ruled that he was thus reversing the original custody decree. In the order on the motion for reconsideration, the only reason given by the court for changing physical custody from Mother to Father was that Mother had misrepresented who was living in her home.

However, even if Mother was living with Maraman, this conduct did not authorize the trial court's custody decision without a determination as to the best interests of the child. "While the trial court may consider the conduct of the parties on the issue of custody, [cit.], the court ultimately must decide the custody question based on the best interest of the child." *Mock v. Mock*, 258 Ga. 407 (369 SE2d 255) (1988). Indeed, " 'the welfare of the child is the controlling factor in the court's determination of custody.' [Cits.]" *Taylor v. Taylor*, 280 Ga. 88, 89 (623 SE2d 477) (2005). Here, it is apparent from the record and transcript of the motion hearing that the welfare of the child was not the controlling factor in the custody decision. The trial court did not evaluate or make any determinations as to the best interests of the child, and instead simply followed its own rigid policy that a parent living with a non-relative can never be awarded custody. Compare *Patel v. Patel*, 276 Ga. 266, 268-269 (1) (577 SE2d 587) (2003) (nothing in record or transcript indicated that trial court believed that the father's conduct mandated an award of custody to the mother, and instead the court properly evaluated the circumstances in light of the best interests of the children and genuinely considered all factors affecting the children's welfare). Contrary to the trial court's apparent belief that Mother's conduct mandated an award of custody to Father, here, "as in all child custody cases, the trial court must consider the best interests of the child and cannot apply a bright-line test." *Bodne v. Bodne*, 277 Ga. 445, 446 (588 SE2d 728) (2003). Consequently, the trial court order vacating and revising the original award of physical custody to Mother is not based on a meritorious reason, and constitutes an erroneous exercise of the court's inherent power to modify the original decree. See *Hicks v. Hicks*, supra at 800. Compare *Pekor v. Clark*, 236 Ga. 457, 459 (3) (224 SE2d 30) (1976) (evidence showed that trial court did not abuse its discretion in awarding custody to father). Accordingly, the judgment is reversed and the case is remanded with direction that the trial court consider the best interests of the child and rule on the motion for reconsideration in a manner consistent with this opinion. See *Taylor v. Taylor*, 280 Ga. 88, 89 (623 SE2d 477) (2005); *Baker v. Baker*, 276 Ga. 778, 783 (5) (582 SE2d 102) (2003).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED JUNE 1, 2010 —
RECONSIDERATION DENIED JUNE 28, 2010.

*James E. Watkins*, for appellant.
*Sullivan & Ogletree, Michele W. Ogletree*, for appellee.