# Court of Appeals
# of the State of Georgia

ATLANTA,   August 29, 2012

*The Court of Appeals hereby passes the following order:*

**A12A2441. TAMARA B. GRISSOM v. AAA PARTNERS IN ADOPTION, INC.**

Tamara Grissom signed a voluntary surrender of parental rights to her minor child in favor of AAA Partners in Adoption, Inc. AAA Partners later filed a petition in superior court to terminate Grissom's parental rights, and the court entered an order terminating Grissom's rights. Five months later, Grissom filed a pro se motion to set aside the termination order on the ground that she had been coerced into surrendering her parental rights. The court denied the motion, and Grissom filed this direct appeal.

In 2007, the Georgia Legislature amended OCGA § 5-6-35 to bring orders terminating parental rights within the discretionary appeal procedures. Accordingly, an application for discretionary appeal must be filed to obtain appellate review of an order terminating parental rights. See OCGA § 5-6-35 (a) (12); *In the Interest of K. R.*, 285 Ga. 155 (674 SE2d 288) (2009). Further, an appeal from an order denying a motion to set aside under OCGA § 9-11-60 (d)[1] also must be taken by application for discretionary review. See OCGA § 5-6-35 (a) (8); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). For these reasons, Grissom was required to comply with the discretionary appeal procedures in order to obtain appellate review of the denial of her motion to set aside. Her failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.

---

[1] Although Grissom did not indicate the legal basis for her motion, it appears to fall under OCGA § 9-11-60 (d) (2), which authorizes a motion to set aside based upon "fraud, accident, or mistake," among other grounds.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,* 08/29/2012
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*