**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 8, 2013**

# In the Court of Appeals of Georgia

A12A1928. CLOUD v. NORWOOD.

BARNES, Presiding Judge.

Dawn Cloud, the biological mother of C. N., appeals from the trial court's order legitimating Eddie Norwood as the father, incorporating a parenting plan order, and continuing child support payments by Norwood from a previous order. Cloud contends on appeal that the trial court erred in not finding that Norwood had abandoned his opportunity interest in the child, and in finding that it was in C. N.'s best interest for the petition to be granted. She also contends that the trial court failed to set child support in accordance with the Child Support Guidelines.

It is always incumbent upon appellate courts to inquire into their own jurisdiction. See *Todd v. Todd*, 287 Ga. 250, 250 (1) (703 SE2d 597) (2010).

Where both OCGA § 5-6-34 (a) and § 5-6-35 (a) are involved, an application for appeal is required when "the underlying subject matter" of the appeal is listed in OCGA § 5-6-35 (a), even though the party may be appealing a judgment or order that is procedurally subject to a direct appeal under OCGA § 5-6-34 (a). *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994).

*Avren v. Garten*, 289 Ga. 186, 192 (7) (710 SE2d) (2011).

Here, although the order appealed from expressly incorporates by reference an earlier parenting plan order, the "underlying subject matter" of the appeal – legitimation – must be brought by application under OCGA § 5-6-35 (a) (2). See *Brown v. Williams*, 174 Ga. App. 604 (332 SE2d 48) (1985) (holding that a legitimation action is a domestic relations case subject to appeal by application under OCGA § 5-6-35 (a) (2) ). Thus, as this Court does not have jurisdiction over the appeal, it must be dismissed. See *Todd*, 287 Ga. at 252 (1) (appeal of a divorce judgment in which child custody was an issue requires an application for interlocutory appeal).

*Appeal dismissed. McFadden and McMillian, JJ., concur.*