# Court of Appeals
# of the State of Georgia

ATLANTA,  April 14, 2015

*The Court of Appeals hereby passes the following order:*

**A15I0158.  JAMIE LYNN FREER v. BO TYLER FREER.**

Jamie Lynn Freer ("Mother"), defendant in the case below, seeks interlocutory review of the trial court's order holding her in contempt for violating the court's earlier custody rulings and directing that the children be placed in the custody of the paternal grandparents.[1]  Based on the limited record before us, no application appears to have been necessary.

According to the application materials, including the father's response to the application, the trial court entered its earlier custody rulings in resolution of the father's various motions on custody issues, not to address allegations in the divorce complaint itself.  Under these circumstances, the trial court's order appears to be directly appealable pursuant to OCGA § 5-6-34 (a) (11), which provides a right of direct appeal from "orders in child custody cases awarding, refusing to change, or modifying child custody or holding or declining to hold persons in contempt of such child custody judgment or orders[.]"  See *Lacy v. Lacy*, 320 Ga. App. 739 (3) (740 SE2d 695) (2013) (after father moved, in a pending divorce action, for an emergency hearing on change in custody, the trial court's orders on that motion were subject to direct appeal pursuant to OCGA § 5-6-34 (a) (11)); *Martinez v. Martinez*, 301 Ga. App. 330 (1) (687 SE2d 610) (2009) (in a pending divorce case, trial court's order on motion to enforce a settlement agreement as to custody was directly appealable pursuant to OCGA § 5-6-34 (a) (11) because the order's custody provisions were

---

[1] The mother filed her application in the Supreme Court, which transferred the matter here.

based on a motion to enforce the settlement agreement – not on the divorce complaint).

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, the mother's application for interlocutory appeal is hereby GRANTED. She shall have ten days from the date of this order to file a notice of appeal in the trial court. If the mother has already filed a notice of appeal from the order at issue, she need not file a second notice. The clerk of the trial court is directed to include a copy of this order in the record transmitted to this Court.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/14/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , *Clerk.*